1997 ND 50

**Rayann Lyn OWAN, Plaintiff and Appellee,**

v.

**Stephen Charles OWAN, Defendant and Appellant.**

**Civil No. 960235.**

Supreme Court of North Dakota.

April 1, 1997.

Greg W. Hennessy, Williston, for defendant and appellant.

Cathy Howe Schmitz, of Schmitz Law Office, Williston, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Stephen Owan appeals the district court's amended judgment, awarding custody of his daughter, Danika, to Danika's mother, Rayann. Stephen argues the district court granted custody to Rayann without making findings of fact concerning Rayann's domestic violence. We remand the case and instruct the district court to make specific findings of fact regarding the allegation of Rayann's domestic violence.

[¶ 2] This is the second time this case has come before us. In *Owan v. Owan*, 541 N.W.2d 719 (N.D.1996) [*Owan I*], Rayann Owan appealed from a district court decision granting Stephen Owan custody of Danika. Rayann argued the district court did not adequately consider evidence of domestic violence in the marriage, under N.D.C.C. § 14–09–06.2(1)(j). We reversed and remanded for further findings on domestic violence and reconsideration of custodial placement.

[¶ 3] On remand, the district court specifically found Stephen was the perpetrator of domestic violence:

"The Court finds that the Defendant has been the perpetrator of domestic violence as follows: Hitting the wall; kicking down the locked door to the bathrom where Ray-

ann was; physically pulling the phone from Rayann's hands; throwing the phone at the wall so hard it went through the wall and stuck; physically pushing Rayann up against the wall; striking the wall above Rayann's head; threats to kill Rayann; threats to kill himself; physically pulling Danika away from Rayann; screaming and hollering at Rayann in front of Danika; violence by the Defendant after he had been drinking; fighting every night in front of Danika; physical abuse of Rayann by [Stephen]; and threatening and controlling behavior by [Stephen] when angry."

The district court amended its judgment, awarding custody of Danika to Rayann. Stephen appeals from that amended judgment, arguing the district court erred by not also making findings of fact concerning Rayann's domestic violence.

[¶ 4] In its amended findings of fact, the district court awarded Rayann custody of Danika due to evidence of domestic violence by Stephen. If the evidence had suggested that only Stephen was a perpetrator of domestic violence, the district court would have properly applied N.D.C.C. § 14–09–06.2(1)(j), which creates a rebuttable presumption against awarding custody to a parent who is the perpetrator of domestic violence.

[¶ 5] However, during the trial, Stephen had alleged that before they were married Rayann had slapped and scratched him during an argument. As we stated in *Owan I*, credible evidence of domestic violence by both parents can affect the presumption against custody:

"'If domestic violence has been committed by both parents, the trial court must measure the amount and extent of domestic violence inflicted by both parents. If the amount and extent of domestic violence inflicted by one parent is significantly greater than that inflicted by the other, the statutory presumption against awarding custody to the perpetrator will apply only to the parent who has inflicted the greater domestic violence, and will not apply to the parent who has inflicted the

lesser. However, if the trial court finds that the amount and extent of the violence inflicted by one parent is roughly proportional to the violence inflicted by the other parent, and both parents are otherwise found to be fit parents, the presumption against awarding custody to either perpetrating parent ceases to exist. In such a case, the trial court is not bound by any presumption, but may consider the remaining customary best-interests factors in making its custody decision.' " *Owan*, 541 N.W.2d at 722 (quoting *Krank v. Krank*, 529 N.W.2d 844, 850 (1995)).

[¶ 6] The district court did not address the allegations against Rayann in its findings of fact. In order for the district court to properly apply N.D.C.C. § 14–09–06.2(1)(j), the court must explicitly address the evidence of domestic violence in its findings. N.D.C.C. § 14–09–06.2(1)(j)(directing the court to make specific findings about domestic violence); *see also Helbling v. Helbling*, 532 N.W.2d 650, 653 (N.D.1995) (stating "[t]he trial court must make specific findings on evidence of domestic violence in making its custody decision"); *Krank*, 529 N.W.2d at 850 (stating "[w]hen there is credible evidence of domestic violence on the part of both parents, findings that ambiguously allude to the issue are insufficient to support a custody award .... the trial court must make detailed findings on the domestic violence issue.").

[¶ 7] The only reference the district court made to the possibility domestic violence may have been committed by both parents was in a letter addressed to the attorneys. The district court stated:

"[T]hese [findings of facts] were based upon the North Dakota Supreme Court decision in this case, as well as subsequent cases, in which they have held ... the perpetrator of domestic violence cannot be the primary custodian of the child. Only when there is equal domestic violence, one upon the other, can the Court award custody to one of the parents in the face of domestic violence."

[¶ 8] This letter may suggest either the district court did not find Stephen's allegations of Rayann's domestic violence credible, or the district court found the extent of domestic violence inflicted by Stephen far outweighed that inflicted by Rayann. Unfortunately, the mere possibility of a suggestion is not enough; we are left guessing as to whether the district court properly considered the evidence and properly applied the statute.

[¶ 9] In *Owan I*, we specifically instructed the court to make findings of fact on domestic violence as to both parents:

"When there is credible evidence of domestic violence on the part of both parents .... [t]he trial court must make detailed findings on the domestic violence issue." *Owan*, 541 N.W.2d at 722 (quoting *Krank*, 529 N.W.2d at 850).

[¶ 10] This includes addressing evidence of domestic violence even if the district court finds it is not credible, or finds it is significantly less than the amount inflicted by the other parent. Specific findings are essential to properly "show that the custody or visitation arrangement best protects the child...." N.D.C.C. § 14–09–06.2(1)(j).

[¶ 11] We, therefore, remand the case to the district court, instructing it to make specific findings as to whether Stephen's evidence of Rayann's alleged domestic violence is credible. If that evidence is found to be credible, the district court must determine whether the domestic violence of either party is significantly greater than that inflicted by the other, and whether that finding requires any change in its award of custody.

[¶ 12] VANDE WALLE, C.J., and MARING and MESCHKE, JJ., concur.

SANDSTROM, Justice, concurring in the result.

[¶ 13] I agree with the majority the trial court must make specific findings whether domestic violence was committed by the mother as well as the father. *See Heck v.*

*Reed,* 529 N.W.2d 155, 166 (N.D.1995) (Sandstrom, J., concurring in the result); *Bruner v. Hager,* 547 N.W.2d 551, 555 (N.D.1996) (Sandstrom, J., dissenting). The trial court should then follow the statute, N.D.C.C. § 14–09–06.2, and establish custody based on the best interests of the child, including consideration of whether, by clear and convincing evidence, the best interests of the child require placing custody with a perpetrator of domestic violence.

[¶ 14] Dale V. Sandstrom