1997 ND 182.

**Lisa ZIMMERMAN, Plaintiff and Appellee,**

v.

**Alan ZIMMERMAN, Defendant and Appellant.**

**Civil No. 970057.**

Supreme Court of North Dakota.

Sept. 30, 1997.

Leslie Bakken Oliver, of Kapsner and Kapsner, Bismarck, for plaintiff and appellee.

Daniel J. Chapman, of Chapman and Chapman, Bismarck, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Alan Zimmerman appealed from a divorce judgment, asserting the district court's custody award and property division are clearly erroneous. We hold the property division is not clearly erroneous, but we conclude the court made inadequate findings about domestic violence to support its custody award. We affirm the property division, reverse the custody award, and remand for more detailed findings and a redetermination of custody.

[¶ 2] Alan and Lisa Zimmerman were married in 1990 and together have a son, Michael, who was born in January 1991. Lisa filed for divorce in 1994 and, after hearing, the district court granted her a divorce from Alan on the grounds of irreconcilable differences. The trial court divided the marital property and awarded custody of Michael to Lisa, with liberal visitation for Alan.

I

[¶ 3] Alan asserts the trial court's property division is clearly erroneous. The trial court's property division will not be set aside on appeal unless it is clearly erroneous. *Bell v. Bell*, 540 N.W.2d 602, 604 (N.D.1995). Under this standard, we reverse only if there is no evidence to support a finding or if, upon a review of the entire evidence, we are left with a definite and firm conviction the trial court has made a mistake. *Fenske v. Fenske*, 542 N.W.2d 98, 102 (N.D.1996). The parties owned a home and an unimproved lot, which the court ordered to be sold and, after deducting closing costs and other related expenses, the equity divided equally between them. The court delineated specific debts to be paid by each party and divided the personal property. After payment of the debts, Alan received more than half the net worth of the parties' property. Nevertheless, he argues the trial court's property division is clearly erroneous because the court did not adequately consider Alan's parents gave substantial money gifts to Alan and Lisa, totaling $48,000, for the purchase of their home and unimproved lot. While recognizing gifted property is part of the marital estate, Alan argues he should have received a larger share because of his parents' considerable money gifts to Lisa and him.

[¶ 4] Alan's parents specifically testified the money from them was intended to be gifts, not loans, with half the value going to Alan and half to Lisa. Using the court's values, the parties had marital assets valued at $79,495 and marital debt valued at $60,939. Alan, after payment of the debts the court ordered him to pay, received a net equity in the marital estate of $11,300. Under these circumstances, we are not convinced the trial court's property division is clearly erroneous.

## II

[¶ 5] Alan also asserts the trial court's custody award is clearly erroneous and the court's findings underlying its custody award are inadequate.

[¶ 6] Although a trial court's determinations on matters of child custody are treated as findings of fact and are set aside on appeal only if they are clearly erroneous, *Freed v. Freed,* 454 N.W.2d 516, 518 (N.D. 1990), where there is evidence of domestic violence, that evidence must be given special consideration by the trial court. *Engh v. Jensen,* 547 N.W.2d 922, 924 (N.D.1996). We agree the court's findings about custody, and in particular about domestic violence in the marriage, are inadequate to support its custody decision. In awarding custody of Michael to Lisa the court found "[t]his marriage has been highlighted by several episodes of physical abuse by Alan against Lisa," and "the child's best interests will be met by Lisa having sole custody." These findings by the court are conclusions or findings of ultimate fact, which do not adequately explain the court's basis for its custody award.

[¶ 7] In awarding custody, a trial court must determine what is in the best interests of the child. Section 14–09–06.2, N.D.C.C. Evidence of domestic violence creates a rebuttable presumption against awarding custody to the perpetrator of the domestic violence. Section 14–09–06.2(1)(j), N.D.C.C.;[1] *Heck v. Reed,* 529 N.W.2d 155, 161 (N.D.1995). Although domestic violence

is just one of many factors a trial court must review when determining the best interests of a child, in the hierarchy of factors to be considered, domestic violence predominates when there is credible evidence of it. *Huesers v. Huesers,* 1997 ND 33, ¶ 7, 560 N.W.2d 219.

[¶ 8] In this case, there is evidence both parents committed acts of domestic violence or perpetrated abusive conduct toward each other and their child. When there is credible evidence of domestic violence by both parents, the trial court must measure the amount and extent of violence by both parents. *Helbling v. Helbling,* 532 N.W.2d 650, 653 (N.D.1995). The trial court must make detailed findings on the domestic violence issue, and findings which ambiguously allude to the issue are insufficient to support a custody award. *Krank v. Krank,* 529 N.W.2d 844, 850 (N.D.1995).

[¶ 9] In *Owan v. Owan,* 1997 ND 50, ¶¶ 6, 10, 560 N.W.2d 900, we stated:

"In order for the district court to properly apply N.D.C.C. § 14–09–06.2(1)(j), the court must explicitly address the evidence of domestic violence in its findings....

"This includes addressing evidence of domestic violence even if the district court finds it is not credible, or finds it is significantly less than the amount inflicted by the other parent. Specific findings are essential to properly 'show that the custody or visitation arrangement best protects the child....'"

The trial court must adequately address the domestic violence issues in its findings to support its custody award when evidence of domestic violence is present. Because of the severe consequences under our statutes of a finding of domestic violence, the trial court must carefully delineate relevant and specific facts in support of its determination. The trial court's failure to do that in this case requires us to reverse and remand for a redetermination of custody.

---

1. This subsection was amended by the 1997 Legislature, effective April 3, 1997, to create a rebuttable presumption against awarding custody to the perpetrator of domestic violence when "there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding." *See* 1997 N.D. Sess. Laws, Ch. 147, §§ 2 and 3.

[¶ 10] During the hearing, Lisa's attorney questioned Alan whether he had received a copy of a child abuse investigation report filed by Burleigh County Social Services. Alan responded he had received such a report, and a copy of it was then offered for admission into evidence, over objection by Alan's counsel that it contained hearsay and should not be received. Lisa's counsel told the court the purpose for her introducing the exhibit was so "Mr. Zimmerman can testify to the things that he said to the interviewer that are reported in the investigation report." On appeal, Alan argues it was reversible error for the court to admit the exhibit.

[¶ 11] In receiving the exhibit the trial court stated:

> "This is a bench trial, and I already have heard testimony that this report, whatever it contains, was eventually overturned by whatever authority it was that had that authority to do so.

> \*　　\*　　\*　　\*　　\*　　\*

> "Quite frankly, [Exhibit] 19 has been received. This is a bench trial. I recognize it to be within the formal definition of hearsay. Quite frankly, I thus far, after a day of trial, can inform counsel that as they may wish to complete their record, 19 is not going to be the decisive part of the determination by this Court as to the best interests of Michael."

[¶ 12] Under Section 50-25.1-11(6), N.D.C.C., a report filed as a result of an investigation of alleged child abuse is to be made available to a court to provide information the court determines "is necessary for the determination of an issue" before it. However, statements of persons other than the person writing the report, not made in court and not under oath, are hearsay and inadmissible. *Fuhrman v. Fuhrman*, 254 N.W.2d 97, 100 (N.D.1977). Although the report received by the court in this case may contain inadmissible hearsay, we nevertheless conclude the court's acceptance of the report did not constitute reversible error.

[¶ 13] In *Lithun v. Grand Forks Public School Dist. No.1*, 307 N.W.2d 545, 550 (N.D. 1981), we stated:

> "[T]he introduction of allegedly inadmissible evidence in a nonjury case is rarely reversible error.... [A]n appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence unless all the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made."

In accepting the report, the trial court specifically stated it was not going to decisively rely on it in making its custody decision. We are not convinced incompetent hearsay evidence in the report induced the court to make an essential finding which the court would not have otherwise made, based upon relevant admissible evidence in the case. We conclude, therefore, admission of the report did not constitute reversible error.

[¶ 14] In accordance with this opinion, the property division is affirmed, the custody award is reversed, and the case is remanded for additional findings and a redetermination of custody.

[¶ 15] MESCHKE, MARING, NEUMANN and SANDSTROM, JJ., concur.

