2007 ND 115

**In the Interest of B.B., a child.**

**Carmell F. Mattison, Grand Forks County Assistant State's Attorney, Petitioner and Appellee,**

**v.**

**B.B., B.J.F., Respondents,**

**and**

**S.L.B., Respondent and Appellant.**

**No. 20060322.**

Supreme Court of North Dakota.

July 25, 2007.

Carmell Faye Mattison, Assistant State's Attorney, Grand Forks, N.D., for petitioner and appellee.

Daniel James Borgen, Grand Forks Public Defender Office, Grand Forks, N.D., for respondent and appellant.

KAPSNER, Justice.

[¶ 1] S.B., the father of nine-year-old B.B., appeals a juvenile court order finding B.B. is a deprived child and placing him in the custody of the Department of Human Services. We affirm.

I

[¶ 2] In April 2006, the State filed a deprivation petition, alleging B.B. was deprived under N.D.C.C. § 27–20–02(8)(a) because of psychological maltreatment by his parents, S.B. and B.F. At the time of the petition, S.B. had physical custody of B.B., and B.B.'s mother, B.F., had visitation. B.B. has three half-siblings, who are minors and were living with their mother, B.F. The deprivation petition also alleged B.B.'s three half-siblings were deprived.

[¶ 3] At the deprivation hearing, S.B.'s probation officer testified about S.B.'s criminal history and that S.B. had recently violated his probation by testing positive for methamphetamine. Serena Koop, a licensed social worker with Grand Forks County Social Services ("Social Services"), testified about her investigation of the abuse and neglect allegations involving B.B.'s family and her preparation of a child protection service assessment report detailing her investigation and findings. Koop's report was admitted into evidence. The report contained statements from B.F., B.B., B.B.'s half-siblings, B.B.'s maternal grandfather, other family members, and other unidentified people who reported neglect or abuse or spoke with Koop during her investigation. S.B. objected to the report, arguing it contained hearsay within hearsay, but the juvenile court concluded the report was a business record and admitted it into evidence under N.D.R.Ev. 803(6). Koop also testified that since 1996, Social Services had received 29 separate abuse or neglect reports regarding this family, which resulted in 18 investigations and assessments, and five determinations by Social Services that the children were deprived and services were required to ensure the children's safety. Koop testified B.B. had been placed in the custody of the Department of Human Services on two separate occasions, July 2000 to April 2002 and

September 2004 to September 2005. Koop testified the family has been offered a variety of services since 1996, the parents have not followed through with many of the services, and the parents have not shown a willingness to change.

[¶ 4] The juvenile court found B.B. was deprived because of repeated exposure to domestic violence between his parents, the parents' substance abuse, and the parents' failure to follow through with appropriate rehabilitative treatment. After a dispositional hearing, the court placed B.B. in the care, custody and control of the Department of Human Services for a period of twelve months.

II

[¶ 5] S.B. argues the juvenile court erred in admitting the child protection service assessment report into evidence under N.D.R.Ev. 803(6), the business records exception to the hearsay rule. He claims the report should not have been admitted because it contained hearsay within hearsay. He asserts he specifically objected to statements in the report from B.B.'s maternal grandfather, arguing those statements were not reliable because Social Services did not investigate the grandfather's trustworthiness.

[¶ 6] A district court has broad discretion on evidentiary matters, and we will not reverse a court's decision to admit or exclude evidence absent an abuse of discretion. *Forster v. West Dakota Veterinary Clinic, Inc.*, 2004 ND 207, ¶ 40, 689 N.W.2d 366. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or if it misinterprets or misapplies the law. *State v. Woinarowicz*, 2006 ND 179, ¶ 14, 720 N.W.2d 635.

[¶ 7] The juvenile court admitted Koop's child protection service assessment report under N.D.R.Ev. 803(6), the business record exception to the hearsay rule. The business record exception to the hearsay rule provides for the admission of:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

N.D.R.Ev. 803(6). Rule 803, N.D.R.Ev., is an adoption of Fed.R.Evid. 803, and we may look to federal courts' interpretations of the federal rule as a guide in construing our rule. N.D.R.Ev. 803 Explanatory Note. *See State v. Fischer*, 2007 ND 22, ¶ 9, 727 N.W.2d 750 (when a state rule is derived from a federal rule, we may look to the interpretation of the federal rule as a guide).

[¶ 8] The child protection service assessment report does not meet the criteria set out in N.D.R.Ev. 803(6) to qualify as a business record. The information in the report includes out-of-court statements by B.B., B.B.'s half-siblings, B.B.'s maternal grandfather, and other reporters. Business records are made reliable "by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make

an accurate record as part of a continuing job or occupation." Fed.R.Evid. 803(6) Advisory Comm. Note. To satisfy the business records exception, each participant in the creation of the record must be acting in the course of regularly conducted business to ensure the trustworthiness and reliability of the information. N.D.R.Ev. 803(6); *Cameron v. Otto Bock Orthopedic Indus., Inc.,* 43 F.3d 14, 16 (1st Cir.1994). Although Koop may have been acting in the regular course of business when she prepared the report, the report also includes statements by others who were not acting in the regular course of business, and Koop did not have personal knowledge about the events detailed in their testimony, therefore, there are no guarantees of the reliability or trustworthiness of their statements. *See, e.g.,* Fed.R.Evid. 803(6) Advisory Comm. Note (bystanders' statements in a police report are inadmissible); *In re Termination of Parent–Child Relationship of E.T.,* 808 N.E.2d 639, 643–44 (Ind.2004) (simply because a caseworker may have a duty to record a third-party statement does not guarantee the accuracy or reliability of those statements). The report contained hearsay within hearsay, and those additional levels of hearsay are not admissible unless they are admissible under another hearsay exception. N.D.R.Ev. 805. *See also Zimmerman v. Zimmerman,* 1997 ND 182, ¶ 12, 569 N.W.2d 277 (out-of-court statements from persons other than the author contained in a child abuse investigation report were inadmissible hearsay). We conclude the hearsay statements in the report were not admissible under the business records exception.

[¶ 9] Social Services argues even if the report was not admissible as a business record, it was admissible under N.D.R.Ev. 803(8), the public records exception to the hearsay rule. While the report may be admissible as a public record, the State did not offer the report as a public record and we will not decide issues raised for the first time on appeal. *See Heng v. Rotech Medical Corp.,* 2006 ND 176, ¶ 9, 720 N.W.2d 54.

[¶ 10] We have said in a non-jury case the court should "admit all evidence which is not clearly inadmissible because a judge, when deliberating the ultimate decision, is capable of distinguishing between admissible and inadmissible evidence." *McKechnie v. Berg,* 2003 ND 136, ¶ 7, 667 N.W.2d 628. In a bench trial, we presume the court only considered competent evidence, and it is not reversible error to admit incompetent evidence unless the evidence induced an improper finding. *Id.*

[¶ 11] Although the juvenile court erred in admitting the hearsay statements in the report, we conclude the error was harmless because, as we discuss later, we conclude there was enough other admissible evidence without the hearsay statements to support the finding of deprivation and the hearsay statements did not induce an improper finding.

### III

[¶ 12] S.B. argues his Sixth Amendment confrontation rights were violated because he was not allowed to cross-examine B.B.'s maternal grandfather and because the sources of some of the allegations and statements in the child protection service assessment report were not identified.

### A

[¶ 13] S.B. claims his Sixth Amendment confrontation rights were violated because he was not able to cross examine B.B.'s maternal grandfather. He argues he has a statutory right to cross-examine adverse witnesses in juvenile court proceedings under N.D.C.C. § 27–

20–27(1), and that statutory right incorporates Sixth Amendment confrontation rights. He also claims juvenile deprivation proceedings are quasi-punitive in nature, and therefore Sixth Amendment confrontation rights apply.

[¶ 14] The Sixth Amendment to the United States Constitution provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ." We have previously said, "[t]he sixth amendment right to confront and cross-examine witnesses applies to criminal prosecutions, not to civil proceedings for termination of parental rights." *Matter of Adoption of J.S.P.L.*, 532 N.W.2d 653, 660 (N.D.1995). Other courts that have addressed this issue have reached similar conclusions and held the Sixth Amendment does not apply to child protection proceedings because they are civil proceedings. *See, e.g., Cabinet for Health and Family Servs. v. A.G.G.*, 190 S.W.3d 338, 345 (Ky.2006); *In re D.R.*, 172 N.C.App. 300, 616 S.E.2d 300, 303 (2005); *In re S.A.*, 2005 SD 120, ¶ 17, 708 N.W.2d 673. We conclude the Sixth Amendment does not apply to juvenile deprivation proceedings.

▮▮▮▮▮ [¶ 15] However, rights similar to those granted by the Sixth Amendment may exist in civil cases if required by a statute or fundamental fairness. *J.S.P.L.*, 532 N.W.2d at 660. Section 27–20–27(1), N.D.C.C., applies to deprivation proceedings and provides, "[a] party is entitled to the opportunity to introduce evidence and otherwise be heard in his own behalf and to cross-examine adverse witnesses."

[¶ 16] S.B. objected to the admission of the report containing B.B.'s maternal grandfather's statements. S.B. claimed he had the right to confront and cross-examine the grandfather. S.B.'s objection was sufficient to raise the right to cross-exam-

ine the grandfather under N.D.C.C. § 27–20–27(1). However, N.D.C.C. § 27–20–27(1) only entitles a party in a juvenile hearing to the opportunity to cross-examine an adverse witness. S.B. was provided with Koop's report before the deprivation hearing, and was aware of the grandfather's allegations. After S.B. objected to the admission of the report because it contained the grandfather's hearsay statements and argued he had a right to confront the grandfather, the court overruled the objection and informed S.B. that he could subpoena the grandfather if he wanted to question him. The record reflects that S.B. did not subpoena the grandfather. S.B. had the opportunity to cross-examine B.B.'s maternal grandfather, but chose not to do so. *Cf. In re S.A.*, 2005 SD 120, ¶ 20, 708 N.W.2d 673 (parents were not deprived of opportunity to cross-examine when they were aware before the hearing that the State intended to offer hearsay statements but the parents failed to call the witness for cross-examination, not a due process violation). We conclude S.B. was not deprived of the opportunity to cross-examine B.B.'s grandfather, and the statutory requirements of N.D.C.C. § 27–20–27(1) were satisfied.

B

▮▮▮ [¶ 17] S.B. argues his right to cross-examine adverse witnesses was violated because he was not allowed to confront and cross-examine the unidentified individuals who reported allegations of abuse or neglect or made statements to Koop. Koop's report included statements from these unidentified reporters. S.B. argues the identities of these reporters should have been disclosed to him.

[¶ 18] All child abuse or neglect reports made under N.D.C.C. ch. 50–25.1 are confidential. N.D.C.C. § 50–25.1–11. A copy of an abuse or neglect report, and

any other information obtained, must be made available to any person who is the subject of a report, provided the identity of an individual who made a report or supplied information under N.D.C.C. ch. 50–25.1 is protected. N.D.C.C. § 50–25.1–11(4).

[¶ 19] During the deprivation hearing, S.B. asked the juvenile court to order Social Services to disclose whether B.B.'s maternal grandfather was a reporter. The court denied S.B.'s request. As we have previously stated, S.B. was aware of the allegations and statements the grandfather made to Social Services and he had an opportunity to confront and cross-examine the grandfather but he chose not to.

[¶ 20] S.B. did not ask the juvenile court to order the disclosure of any other unidentified reporters or argue that he had a right to confront any other reporters. S.B. did not appropriately raise this issue in the juvenile court, and we will not address issues raised for the first time on appeal. *See Heng*, 2006 ND 176, ¶ 9, 720 N.W.2d 54.

IV

[¶ 21] S.B. claims the court's finding of deprivation is not supported by the evidence.

[¶ 22] A child is deprived if the child "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals, and the deprivation is not due primarily to the lack of financial means of the child's parents...." N.D.C.C. § 27–20–02(8)(a). The court's finding of deprivation must be supported by clear and convincing evidence, and the court's findings will not be set aside on appeal unless they are clearly erroneous. *In re T.T.*, 2004 ND 138, ¶ 5, 681 N.W.2d 779. A finding is clearly erro-

neous "if there is no evidence to support it, if the reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding is induced by an erroneous view of the law." *Id.*

[¶ 23] The juvenile court found B.B. was deprived as alleged in the petition, specifically citing "repeated domestic violence, substance abuse issues and failure to follow through with appropriate rehabilitative treatment/counseling regimens by both [parents]." Although the court's findings are minimal, they are sufficient to understand the basis for the court's deprivation finding.

[¶ 24] We have concluded the court erred in admitting Koop's child protection service assessment report under the business records exception, but we presume the court only considered competent evidence. While the hearsay statements contained in the report were not admissible, not all the information contained in the report was hearsay and therefore the court could consider that evidence. Excluding the hearsay statements, we conclude there is sufficient evidence to support a finding of deprivation. At the time of the April 2006 petition, S.B. had physical custody of B.B. At the deprivation hearing, S.B.'s probation officer testified S.B. recently tested positive twice for methamphetamine. S.B.'s probation officer also testified S.B. called him in March 2006 and was talking very rapidly and excitedly about people setting him up, about drug activity in the area, and accusing the probation officer of sending people to his home. The probation officer testified that based on the phone conversation, he believed S.B. was either using drugs or had some type of mental health problem. There was also evidence that S.B.'s probation was revoked in May 2006, as a result of his positive drug tests and other violations, and he was required to undergo a substance abuse

evaluation and serve 90 days imprisonment. Koop testified Social Services has a long history of involvement with B.B.'s family and has required or recommended various services in the past to help the family, but B.B.'s parents have failed to show a willingness to change. She testified that Social Services has completed 18 assessments, and five times Social Services determined the children were deprived and services were required to ensure the children's safety. There is evidence B.F. and S.B. have a history of engaging in domestic violence. Koop testified that B.B. has been negatively impacted by witnessing his parents' domestic violence and being placed in the middle of their disputes. B.B. was previously placed in the custody of Social Services from September 5, 2004 through September 5, 2005. We conclude the evidence supports the court's finding that B.B. is deprived, and the court's finding is not clearly erroneous.

V

[¶ 25]   We affirm.

[¶ 26] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.