**In re PALM BEACH PARTNERS, LTD., Debtor.**

**Thomas R. Farese, Plaintiff,**

**v.**

**Palm Beach Partners, Florida Ventures, Harald Dude, et al., Defendants.**

**Bankruptcy No. 00–31654–BKC–PGH. Adversary No. 00–3141–BKC–PGH–A.**

United States Bankruptcy Court, S.D. Florida, Fort Lauderdale Division.

July 17, 2000.

Charles Cohen, Boca Raton, FL, for Palm Beach Partners, Ltd.

*ORDER DENYING THOMAS FARESE'S REQUEST TO SCHEDULE COURT ORDERED EVIDENTIARY HEARING*

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS MATTER** came before the Court on July 11, 2000 upon Thomas Farese's ("Movant") Request to Schedule Court Ordered Evidentiary Hearing (the "Request for Hearing") with incorporated Request to Be Transferred to the Southern District of Florida to Attend All Hearings in the Above–Captioned Adversary Proceeding in Person (the "Request to Appear in Person").

In the Request for Hearing, Movant requests that this Court enter an Order setting the following Motions for hearing: Farese's Objection to Harald Dude as the Person Exercising Debtor in Possession Powers (Renewed); Farese's Motion for Appointment of Trustee; and Farese's Renewed Motion for Temporary Mandatory Injunction for the Collection and Payment of Rental Income to the U.S. Trustee. This Court has already entered an Order Setting Hearing for each of the above motions and set each of the motions for hearing on July 19, 2000 at 10:30 a.m. at 701 Clematis Street, Courtroom 6, West Palm Beach, Florida.

In the Request to Appear in Person, Movant requests that this Court enter an Order requiring the United States Marshall Service to transport Movant to West Palm Beach, Florida to appear in person at all hearings in the above-captioned Adversary Proceeding.

■ The United States Supreme Court, in *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948), *rev'd on other grounds* by *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), held that "[l]awful incarceration brings about the necessary withdrawal of limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those limited is the otherwise unqualified right ... to parties in all courts of the United States to 'plead and manage their own causes personally.'" *Id.* at 285–86, 68 S.Ct. 1049 (internal citation omitted).

■ Courts interpreting the Supreme Court's decision in *Price*, including the Eleventh Circuit, have held that inmates do not have a constitutionally protected right to appear personally in civil trials. *See, e.g., In re Wilkinson*, 137 F.3d 911, 914 (6th Cir.1998) (holding that prisoners who bring civil actions "have no right to be present at any stage of the judicial proceedings"); *Michaud v. Michaud*, 932 F.2d 77, 81 (1st Cir.1991) (finding that

courts may exercise discretion in allowing prisoners to attend civil court proceedings initiated by the prisoner and that "[u]nder some circumstances, a prisoner may be forced to forego the right to appear personally in civil lawsuits"); *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987) (citing *Price* and holding that an inmate has no absolute right to be present at the trial of his civil action).

In *Moeck v. Zajackowski*, 541 F.2d 177 (7th Cir.1976), the court stated:

We find no support in the Constitution or in judicial precedent for the proposition that a prison inmate has a fundamental interest in being present at the trial of a civil action to which he is a party, sufficient to outweigh, as a matter of course, the interest of the state in avoiding expense. The due process requirements of the Fifth and Fourteenth Amendments, which guarantee access to the courts, do not grant a prisoner the right to attend court in order to carry on the civil proceedings which he initiates.

*Id.* at 180; *see also Clark v. Hendrix*, 397 F.Supp. 966, 968–69 (N.D.Ga.1975) ("While prisoners do retain their right of access to the courts, this does not necessarily mean that a prisoner has some inherent constitutional right to appear personally at a hearing or at a trial with respect to the civil suit which he has filed.").

In *Michaud*, the court set forth several factors that a court should consider in determining whether to allow an inmate to attend court proceedings in person, including the burden on the state, the existence of other alternatives, the diligence of the prisoner, and the substantiality of the litigation. *See Michaud*, 932 F.2d at 81. The court found that because inmates may have to forego appearing personally at court proceedings, courts should "try to fashion other procedures enabling [the inmate] to go forward." *Id.*

■ Based upon the case law, the Court finds that Movant does not have a constitutional right to appear in person at hearings

908

conducted in the above-captioned Adversary Proceeding. The Court finds that Movant's right to appear does not outweigh the cost to the United States Marshall Service in transporting Movant to West Palm Beach, Florida and housing Movant there for the pendency of the above-captioned Adversary Proceeding. The Court has and will permit Movant to attend and participate in all hearings conducted in the above-captioned Adversary Proceeding and Chapter 11 Case by telephone.

For the foregoing reasons and being otherwise fully advised in the premises, the Court hereby **ORDERS AND ADJUDGES** that:

1. Movant's Request for Hearing is **DENIED AS MOOT** because the Court has already entered an Order Setting Hearing on each of the Motions that Movant requests be set for hearing.

2. Movant's Request to Appear in Person is **DENIED.**