2004 ND 39

**Joeletta ST. CLAIRE and Daniel P. Richter, Director of Ward County Social Service Board, Plaintiffs and Appellees**

v.

**Earl ST. CLAIRE, Defendant and Appellant.**

No. 20030233.

Supreme Court of North Dakota.

Feb. 25, 2004.

Tina M. Heinrich, Assistant State's Attorney, Minot, ND, for plaintiffs and appellees. Submitted on brief.

Earl St. Claire, pro se, Faribault, MN. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Earl St. Claire appealed from a district court judgment requiring him to pay $135 per month for child support. He was ordered to pay $945 to the Ward County Social Service Board for support it provided from December 2002 through June 2003, and $27 per month commencing July 1, 2003, for any arrears not paid in full. We affirm.

I

[¶ 2] Earl and Joeletta St. Claire are married, but separated. The couple has one child who lives with Joeletta St. Claire. Earl St. Claire is currently incarcerated in Minnesota. The Minot Regional Child Support Enforcement Unit ("Unit") and Joeletta St. Claire brought an action seeking an order establishing Mr. St. Claire's child support obligation, reimbursement for past support provided by the Unit, and a decision regarding health insurance for the child. Mr. St. Claire requested an

extension of time to file a response or, if no extension was granted, asked the district court to appoint counsel to represent him in the matter. His request for an extension was granted, and the district court did not appoint counsel to represent Mr. St. Claire. After Mr. St. Claire filed a response, trial was scheduled for June 23, 2003.

[¶ 3] In its Order for Trial, the district court stated Earl could appear at the trial by telephone conference and listed the number he needed to call at the scheduled time. On June 8, Mr. St. Claire wrote a letter to the district court claiming his caseworker at the correctional center would not allow him to appear by telephone without a letter from the court. The district court sent a letter dated June 18 to the caseworker informing her of the hearing and requesting that the appropriate arrangements be made in order for Mr. St. Claire to appear by telephone.

[¶ 4] On the day of the trial Mr. St. Claire did not appear by telephone. The court proceeded with the case and received evidence from the Unit. Judgment was entered on July 22, setting Mr. St. Claire's child support obligation and requiring it to be withheld from his income. The district court imputed income to Mr. St. Claire based upon minimum wage, made a deduction for support of another child with another mother, and determined he owed $135 per month in child support. It further required him to pay Ward County Social Service Board $135 per month for amounts it expended in support of the child from December 2002 through June 2003, and beginning in July 2003, he was ordered to pay $27 per month until any arrears were paid in full.

## II

[¶ 5] On appeal, Mr. St. Claire contends he was denied due process under the Fifth and Fourteenth Amendments of the United States Constitution because he informed the district court that the Minnesota Department of Corrections would not allow him to appear by telephone and he would not waive his right to be present for the trial. He claims the district court should have rescheduled the trial so he could argue his own defense. There are two types of due process, substantive and procedural. Mr. St. Claire's claim that he was denied the right to be present to argue his own defense involves procedural due process.

[¶ 6] Although prisoners have diminished constitutional protections, they maintain a due process right to reasonable access to the courts. *In re Adoption of J.S.P.L.*, 532 N.W.2d 653, 657 (N.D.1995). "Except as otherwise provided by law, a person convicted of a crime does not suffer civil death or corruption of blood or sustain loss of civil rights ... but retains all of his rights, political, personal, civil, and otherwise, including the right to ... sue and be sued." N.D.C.C. § 12.1-33-02. However, a prisoner's right to appear personally at a civil proceeding is limited. *Walbert v. Walbert*, 1997 ND 164, ¶ 8, 567 N.W.2d 829. In the context of parental rights termination there is a statutory right to counsel under N.D.C.C. § 27-20-26, and "[p]risoners' due process rights generally are satisfied if they are represented by counsel and have an opportunity to appear by deposition or other discovery technique." *In re Adoption of J.M.H.*, 1997 ND 99, ¶ 18, 564 N.W.2d 623. Generally, "[p]rocedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *Walbert*, at ¶ 9 (quoting *In re Adoption of J.W.M.*, 532 N.W.2d 372, 377 (N.D.1995)). A person's right to appear may be satisfied by allowing ap-

pearance via telephone. *Cf. id.; see also State v. Valentine,* 190 Ariz. 107, 945 P.2d 828, 831 (Ct.App.1997) ("We therefore hold, as have other states, that appearance by telephone is an appropriate alternative to personal appearance").

[¶ 7] The requirements of due process are flexible and vary depending upon the circumstances of each case. *J.W.M.,* 532 N.W.2d at 376–77. Mr. St. Claire received adequate notice and there is no statutory or constitutional right to counsel in child support proceedings. Therefore, whether Mr. St. Claire was afforded due process is dependent upon whether he received a meaningful opportunity to be heard. In this case, the district court did not deprive Mr. St. Claire of an opportunity to be heard. Instead, the district court allowed Mr. St. Claire to participate in the trial via telephone. Upon notification from Mr. St. Claire that his caseworker was inhibiting his ability to appear by telephone, the district court wrote a letter to the director of the prison requesting appropriate accommodations be made in order for Mr. St. Claire to appear.

[¶ 8] Mr. St. Claire's claim that his due process rights were violated presupposes that the district court was obligated to ensure his presence at trial. However, the district court did not have a duty to ensure Mr. St. Claire's presence at the trial, telephonically or otherwise. *See Jones v. Bowens,* 2003 WL 22235372, *3, 2003 Ohio App. Lexis 4671, *8 (Ohio Ct.App. Sept. 26, 2003) (concluding the appellant's due process rights were not violated when the court did not impede his opportunity to be heard by telephone). Here, the district court did everything it could to allow Mr. St. Claire to appear by telephone. However, the district court does not have authority to order a Minnesota prison to allow Mr. St. Claire to appear in a civil case. Mr. St. Claire acknowledges in his brief that "the court has no legal obligation to

notify [the caseworker] of any such court appearance scheduled." Therefore, no due process violation occurred at the hands of the district court and it was not fundamentally unfair to proceed with trial when Mr. St. Claire did not appear. *See* 16B Am. Jur. 2d Constitutional Law § 955 (1998) (absence of a party during trial does not affect the court's right to proceed if the party was given an opportunity to be present).

[¶ 9] Mr. St. Claire claims he was harmed by not being ordered to pay more child support. "A person legally responsible for the support of a child . . . and who fails to provide support . . . is liable for the reasonable value of physical and custodial care or support which has been furnished to the child by any . . . county social service board." N.D.C.C. § 14–08.1–01. It is necessary to apply the child support guidelines to a case involving an incarcerated obligor. *Surerus v. Matuska,* 548 N.W.2d 384, 387 (N.D.1996). In *Matuska,* this Court evaluated the amount of child support under the guidelines for an incarcerated father. We held subsection 6 of N.D. Admin. Code § 75-02-04.1-07 "should be applied to an incarcerated obligor . . . who has no other income, who apparently is ineligible for work release, and whose earnings in confinement are less than the minimum wage." *Id.* at 388. Although Mr. St. Claire claims he earns more than minimum wage while in prison, there was no evidence presented at trial indicating his income exceeds minimum wage, and relying on *Matuska,* the court found Mr. St. Claire had a net monthly income which required him to pay $168 per month. *See* N.D. Admin. Code § 75-02-04.1-10. This amount was reduced to $135 because Mr. St. Claire has another child he owes support who does not live with Ms. St. Claire. *See* N.D. Admin. Code § 75-02-04.1-06.1. This amount represents the minimum amount of income that could be imputed to Mr. St. Claire.

[¶ 10]   Mr. St. Claire further claims the judgment harms him because under Minnesota law he could have more money withheld from his income than he could under North Dakota law.   This argument is unavailing because, under N.D.C.C. § 14–12.2–33.1(4), Mr. St. Claire's employer is required to comply with the law in the state of the obligor's principal place of employment with regard to the maximum amount that may be withheld.   *See also* Minn.Stat. § 518C.5025(d).   Additionally, the district court judgment only set Mr. St. Claire's minimum monthly obligation for child support.   There is nothing preventing him from paying more per month for child support or arrears.   In this respect, any harm resulting from appellant's absence in this proceeding is arguably harmless.   *See* N.D.R.Civ.P. 61 ("no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice"); *see also Jones,* 2003 WL 22235372, at *3, 2003 Ohio App. Lexis 4671, at *8.

[¶ 11]   We hold Mr. St. Claire's right to due process was not violated by the district court.   Mr. St. Claire's remaining arguments are either without merit or not appropriately addressed in an action solely to determine his child support obligation. Accordingly, we affirm.

[¶ 12]   CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.