2016 ND 197

**Rebecca Lynn CURTISS, Plaintiff**

v.

**Spencer Kerry CURTISS, Defendant and Appellant.**

**No. 20160064.**

Supreme Court of North Dakota.

Oct. 17, 2016.

566

Spencer K. Curtiss (on brief), self-represented, Bismarck, ND, defendant and appellant.

Rebecca L. Curtiss, plaintiff, no appearance.

McEVERS, Justice.

[¶ 1] Spencer Curtiss appeals from a district court Third Amended Judgment modifying his parenting time and its order denying his motion to reconsider. For the reasons discussed in this opinion, we retain jurisdiction under N.D.R.App.P. 35(a)(3) and remand with instructions that the district court make specific findings.

I

[¶ 2] Spencer and Rebecca Curtiss are divorced and have two minor children. Spencer Curtiss was awarded primary residential custody of the children by a district court in Sedgwick County, Kansas. Spencer Curtiss moved to North Dakota in 2009 and Rebecca Curtiss moved to North Dakota in 2010. In February 2011, Spencer Curtiss was convicted and incarcerated at the North Dakota State Penitentiary and remains incarcerated. In March 2011, Rebecca Curtiss moved the North Dakota district court to amend the divorce judgment to provide her with primary residential responsibility of the children. The district court entered an Amended Judgment, as stipulated to by the parties, awarding Rebecca Curtiss primary residential responsibility and awarding Spencer Curtiss supervised parenting time every other weekend at the state penitentiary. The district court issued a Second Amended Judgment modifying Spencer Curtiss's child support obligation in October 2013.

[¶ 3] In July 2015, Spencer Curtiss moved the district court to enforce the existing judgment regarding his parenting time. Spencer Curtiss argued Rebecca Curtiss was not following the judgment by failing to bring the children to the state penitentiary to visit him. In November 2015, Rebecca Curtiss moved the district court to modify the Second Amended Judgment to suspend Spencer Curtiss's parenting time while he is incarcerated. In support of her motion, Rebecca Curtiss argued that she and the children's therapist believed any visits to the state penitentiary are harmful to the children.

[¶ 4] The district court scheduled a hearing to address both parties' motions. Spencer Curtiss moved the court for an order allowing him to participate in the hearing through the Interactive Video Network ("IVN") due to his incarceration. The court granted Spencer Curtiss's motion, but stated he was responsible for making the arrangements. The district court noted the hearing would not be de-

layed or continued if Spencer Curtiss did not make the appropriate arrangements. Spencer Curtiss did not appear through IVN at the December 4, 2015 hearing. Rebecca Curtiss and the children's therapist testified at the hearing.

[¶ 5] On December 22, 2015, the district court entered a Third Amended Judgment ordering that, while Spencer Curtiss is incarcerated, the children are not required to visit him, but if the children want to visit him, the parenting time must be supervised by a professional such as a counselor or a therapist. The district court also ordered Spencer Curtiss could set up telephone calls and letters through the children's therapist, and that all communication had to be supervised by a professional. Spencer Curtiss moved the district court to reconsider. The district court denied Spencer Curtiss's motion.

## II

[¶ 6] Spencer Curtiss appeals, arguing the district court did not have jurisdiction to amend the judgment; the district court violated his constitutional rights by not issuing an order to the Department of Corrections demanding his appearance at the hearing; the district court erred by not scheduling a hearing and ruling on his motion; and the district court failed to make findings of fact on the record that a material change in circumstance had been established and modifying his parenting time was in the best interests of the children. Spencer Curtiss also makes numerous complaints against the Department of Corrections not relevant in this action and several indiscernible arguments regarding his constitutional rights and bias by the court.

## III

[¶ 7] Spencer Curtiss argues the district court did not have jurisdiction

over him, without citing any relevant legal authority. He makes no argument that the district court did not have subject-matter jurisdiction. Personal jurisdiction is the court's power over a party, acquired through service of process or by voluntary general appearance in the action. *Interest of T.H.*, 2012 ND 38, ¶ 16, 812 N.W.2d 373. The district court had jurisdiction to amend the Second Amended Judgment. The court had personal jurisdiction over Spencer Curtiss under N.D.R.Civ.P. 4(b)(1). He was incarcerated in Burleigh County at the time of this action. Furthermore, he already submitted to the jurisdiction of the district court by moving to enforce the existing order establishing parenting time. Even if he had a defense to personal jurisdiction, he waived that defense by failing to raise it in a responsive pleading under N.D.R.Civ.P. 12(h).

## IV

[¶ 8] Spencer Curtiss argues he had a constitutional right to appear at the hearing, and the district court violated that right by not ordering the Department of Corrections to have Spencer Curtiss appear. Spencer Curtiss is essentially making a procedural due process argument. "[P]rocedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *St. Claire v. St. Claire*, 2004 ND 39, ¶ 6, 675 N.W.2d 175 (quoting *Walbert v. Walbert*, 1997 ND 164, ¶ 8, 567 N.W:2d 829). Prisoners have diminished constitutional protections, but they maintain a due process right to reasonable access to the courts. *Adoption of J.S.P.L.*, 532 N.W.2d 653, 657 (N.D.1995). A prisoner's right to appear at a civil proceeding is limited. *Walbert*, 1997 ND 164, ¶ 8, 567 N.W.2d 829. "A person's right to appear may be satisfied by allow-

ing appearance via telephone." *St. Claire,* at ¶ 6. However, "The district court [does] not have a duty to ensure [a party's] presence at the trial, telephonically or otherwise." *Id.* at ¶ 8.

[¶ 9] Here, the district court issued several orders allowing Spencer Curtiss to appear by telephone or IVN. In each order, the district court made it clear it was Spencer Curtiss's obligation to arrange communication with the court through the Department of Corrections. The district court did not violate Spencer Curtiss's constitutional rights by holding a hearing without him being present. *See St. Claire,* 2004 ND 39, ¶ 6, 675 N.W.2d 175.

## V

[¶ 10] Spencer Curtiss argues the district court failed to make findings of fact that the modification of his parenting time was due to a material change in circumstances, and that it was in the best interest of the children. "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially[.]" N.D.R.Civ.P. 52(a). A district court's decision regarding parenting time "is a finding of fact, subject to the clearly erroneous standard of review." *Hageman v. Hageman,* 2013 ND 29, ¶ 8, 827 N.W.2d 23. A finding of fact is clearly erroneous "if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made." *Kelly v. Kelly,* 2002 ND 37, ¶ 13, 640 N.W.2d 38 (citing *Mosbrucker v. Mosbrucker,* 1997 ND 72, ¶ 5, 562 N.W.2d 390). "A district court's factual findings should be stated with sufficient specificity to enable this Court to understand the basis for its decision." *Keita v. Keita,* 2012 ND 234, ¶ 5, 823 N.W.2d 726.

[¶ 11] Section 14–05–22(1), N.D.C.C., gives the district court broad authority over parenting rights and responsibilities of the children of the marriage. *Prchal v. Prchal,* 2011 ND 62, ¶ 16, 795 N.W.2d 693. "After an initial award of primary residential responsibility is made, awards of parenting time are governed by N.D.C.C. § 14–05–22(2)." *Bredeson v. Mackey,* 2014 ND 25, ¶ 6, 842 N.W.2d 860 (citing *Simburger v. Simburger,* 2005 ND 139, ¶ 13, 701 N.W.2d 880). The district court shall "grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health." N.D.C.C. § 14–05–22(2).

[¶ 12] "Modification of parenting time proceedings are governed by a standard established through case law." *Bredeson,* 2014 ND 25, ¶ 6, 842 N.W.2d 860 (citing *Dufner v. Trottier,* 2010 ND 31, ¶ 13, 778 N.W.2d 586). " 'To modify parenting time, the moving party must demonstrate a material change in circumstances has occurred since entry of the previous parenting time order and that the modification is in the best interests of the child.' " *Prchal,* at ¶ 11 (quoting *Dufner,* at ¶ 6; *see also Simburger,* at ¶ 13). A material change in circumstances is important new facts that have occurred since the entry of the previous parenting time order. *Prchal,* at ¶¶ 11–12. In *Hendrickson v. Hendrickson,* we recognized that parenting time between a parent without primary residential responsibility is presumed to be in the child's best interests, and "a court should only withhold visitation when it is likely to endanger the child's physical or emotional health." 2000 ND 1, ¶ 21, 603 N.W.2d 896 (quotation marks omitted); *see also Paulson v. Paulson,* 2005 ND 72,

¶¶ 19–22, 694 N.W.2d 681 (concluding the district court impermissibly delegated authority to decide visitation to a third party when no finding was made that unrestricted visitation is likely to endanger the child's physical or emotional health). We have further recognized that denying a parent without primary residential responsibility parenting time with a child is " 'an onerous restriction,' such that 'physical or emotional harm resulting from the visitation must be demonstrated in detail' before it is imposed." *Hendrickson*, 2000 ND 1, ¶ 21, 603 N.W.2d 896 (citing *Johnson v. Schlotman*, 502 N.W.2d 831, 835 (N.D. 1993)). Finally, when awarding or modifying parenting time the district court "may not rely solely on the child's wishes in visitation enforcement and modification actions[.]" *Votava v. Votava*, 2015 ND 171, ¶ 15, 865 N.W.2d 821.

■■■■ [¶ 13] Here, the district court made no findings as to whether a material change in circumstances occurred, whether suspended visitation is necessary because visitation is likely to endanger the children, and whether modification of the Second Amended Judgment is necessary to serve the best interests of the children. "[A] district court must adequately explain the evidentiary and legal basis for its decision, allowing the parties and this Court to understand the decision." *Estate of Nelson*, 2015 ND 122, ¶ 13, 863 N.W.2d 521. Based on the sparseness of the district court's order, we are not able to understand the basis for its decision. The Order and the Third Amended Judgment did not include any findings or provide analysis of what the district court relied on in making its decision. In its Order for Third Amended Judgment, the district court stated:

> The Court has reviewed the Motion to Amend Judgment and supporting documents submitted by both the Plaintiff

and Defendant. The Plaintiff was present on the motion hearing on December 4, 2015 with her attorney Bobbi Weiler. The Defendant was not present. Having heard the motion and supporting evidence and having knowledge of the record in this matter; IT IS ORDERED THAT A Third Amended Judgment be entered as follows:

The court's Third Amended Judgment provides:

> The above entitled matter, having come before the Court as defendant, Spencer Kerry Curtiss's Motion for Visitation Assistance, and plaintiff, Rebecca Curtiss's Motion for Amended Judgment. The Plaintiff was present on the motion hearing on December 4, 2015 with her attorney Bobbi Weiler. The Court having reviewed the pleadings and being fully advised in the premises, and having entered its Order; NOW, THEREFORE, on motion of Bobbi Weiler, attorney for the plaintiff, Rebecca Curtiss herein, it is:
>
> ADJUDGED AND DETERMINED
> · · ·

The district court makes very limited findings in the order denying Spencer Curtiss's Motion to Reconsider:

> The evidence in this matter was clear. The children of the parties are reluctant to visit their father in prison and have been working with a counselor concerning their relationship with their father. The order signed in December allows for contact by telephone call and letter if arranged through the counselor. Rebecca Curtiss has been reasonable in her response to the wishes of the children concerning parenting time.
>
> The motion for reconsideration is DENIED.

It is not enough for the district court to state the children are reluctant to visit their father in prison and are working with

a counselor. Because the district court failed to make sufficient findings on the record, we must remand as we are unable to understand the factual basis for the court's decision. *See Interest of J.A.H.*, 2014 ND 196, 855 N.W.2d 394 (remanding with instructions while retaining jurisdiction).

[¶ 14] The district court also failed to make findings stating why supervised parenting time by a professional is necessary to protect the children's physical or emotional health. "[A] restriction on visitation must be based on a preponderance of the evidence and be accompanied by a detailed demonstration of the physical or emotional harm likely to result from visitation." *Marquette v. Marquette*, 2006 ND 154, ¶ 9, 719 N.W.2d 321. A district court may order supervised parenting time if unsupervised parenting time will likely endanger the child's physical or emotional health, or if there is evidence of physical or sexual abuse by a parent. *See Keita*, 2012 ND 234, ¶ 6, 823 N.W.2d 726; N.D.C.C. § 14–05–22(2); N.D.C.C. § 14–09–29(2) & (3). Furthermore, it is unclear from the record whether the district court considered each child separately for both modification of the existing judgment and supervised parenting time. While we have held "[a] court is generally not required to do a line-by-line best-interest analysis for each individual child," we have also recognized that "[w]hen the factors are in fact different for each child, then such an analysis is permissible and under some circumstances may be necessary[.]" *Schlieve v. Schlieve*, 2014 ND 107, ¶ 25, 846 N.W.2d 733 (awarding primary residential responsibility and highlighting caution of dividing custody of children). There may be evidence in the record that allows the district court to make sufficient findings to modify the Second Amended Judgment without another hearing. However, we are unable to make that determination based on this rec-

ord. Under the clearly erroneous standard of review, we will not "reweigh the evidence or reassess the credibility of witnesses[.]" *Jelsing v. Peterson*, 2007 ND 41, ¶ 11, 729 N.W.2d 157 (citing *Dvorak v. Dvorak*, 2006 ND 171, ¶ 11, 719 N.W.2d 362). The district court failed to make sufficient findings of fact in the Third Amended Judgment under N.D.R.Civ.P. 52(a).

## VI

[¶ 15] Spencer Curtiss argues the district court erred by not holding a hearing on his motion and by failing to rule on his motion. The record reflects that Spencer Curtiss's motion was scheduled on December 4, 2015, at the same time as Rebecca Curtiss's motion. However, at the time scheduled for the motion, no mention was made of Spencer Curtiss's motion on the record, nor in the district court's order. To further confuse the issue, the Third Amended Judgment indicates Spencer Curtiss's motion was resolved by the hearing. Spencer Curtiss raised this issue in his motion for reconsideration, arguing he received no findings or ruling on his motion. The district court denied Spencer Curtiss's motion by denying the motion for reconsideration.

[¶ 16] Because we are remanding we need not decide whether the district court abused its discretion by denying Spencer Curtiss's Motion to Reconsider. We decline to address any further arguments raised by Spencer Curtiss because they are either inadequately briefed or without merit.

## VII

[¶ 17] Because the district court failed to make sufficient findings of fact on the record under N.D.R.Civ.P. 52(a), we are unable to determine whether the district

court properly applied the law. For the reasons discussed in this opinion, we retain jurisdiction under N.D.R.App.P. 35(a)(3) and remand with instructions that the district court make specific findings.

[¶ 18]   GERALD W. VANDE WALLE, C.J., BRADLEY A. CRUFF, D.J., DANIEL J. CROTHERS, CAROL RONNING KAPSNER, JJ., concur.

[¶ 19]   The Honorable BRADLEY A. CRUFF, D.J., sitting in place of SANDSTROM, J., disqualified.