Filed 6/7/17 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2017 ND 137

In the Matter of L.Z.N. for Name Change

Charlotte Lynn Jackson, Petitioner and Appellee

v.

Shawn David Narvais, Respondent and Appellant

No. 20160373

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of  the Court by VandeWalle, Chief Justice.

Bonnie P. Humphrey, Minot, ND, for petitioner and appellee; submitted on brief.

Shawn D. Narvais, self-represented, Bismarck, ND, respondent and appellant; submitted on brief.

Matter of L.Z.N.

No. 20160373

VandeWalle, Chief Justice.

[¶1] Shawn Narvais appealed a district court’s order granting a petition to change his child’s surname. Narvais argues the district court used improper factors in determining the best interest of L.Z.N., he was not provided proper notice of the name change petition, and his due process rights were violated because he was not allowed to appear for the hearing. We affirm. 

I.

[¶2] Charlotte Jackson-Narvais (“Jackson”) and Shawn Narvais were married and had one child, L.Z.N., born in 2014. Shortly after L.Z.N.’s birth, Narvais plead guilty to four counts of possession of certain materials prohibited under N.D.C.C. § 12.1-

27.2-04.1. The parties divorced in 2015. In June 2016, Jackson filed a petition on behalf of L.Z.N. to change his surname. Jackson argued for the change of L.Z.N.’s name because: (1) she did not want L.Z.N. to carry around the stigma of Narvais’s crimes because he shared a last name with his father; (2) she wanted L.Z.N. to have the same last name as his half-sibling, herself, and his maternal grandparents; (3) L.Z.N. wanted to change his last name; and (4) Narvais requested a paternity test to establish his relationship with L.Z.N. and has not been involved with or supported L.Z.N. in any significant way since his incarceration. 

[¶3] Narvais opposed the petition. A hearing was set and because Narvais was still incarcerated, the district court allowed him to appear telephonically. Narvais requested an order from the district court requiring the Department of Corrections to allow for his appearance telephonically. The district court denied Narvais’s request. Narvais did not appear, nor was he represented by counsel. After hearing testimony and receiving evidence, the district court granted Jackson’s petition to change L.Z.N.’s name to L.Z.J.

[¶4] On appeal, Narvais argues: (1) the district court did not provide proper findings to support its decision; (2) he did not receive proper notice as required under N.D.C.C. § 32-28-02(4); and (3) his due process rights were violated because he was unable to appear for the hearing.  

II.

[¶5] We review a district court’s decision to grant or deny a name change under N.D.C.C. § 32-28-02 under an abuse of discretion standard. 
In re Berger ex rel. K.C.F.
, 2010 ND 28, ¶ 8, 778 N.W.2d 579. However, in situations where the name change is for a minor child, the district court’s analysis must incorporate the best interest of the child. 
Id.
 On appeal, these findings are subject to the clearly erroneous standard of review. 
Id.
  

A.

[¶6] Narvais argues the district court used improper factors in determining the best interest of L.Z.N. First, Narvais asserts the district court impermissibly admitted his request for a paternity test in deciding the best interest of L.Z.N. because he asked for the test to show the faithfulness of Jackson, not the paternity of L.Z.N. Because Narvais did not appear at the hearing, the document was admitted without objection. Therefore, the district court did not err in including Narvais’s request for paternity in its analysis of L.Z.N.’s best interest. 

[¶7] Narvais further argues the district court improperly used his requirement to register upon his release from prison against him. He asserts his requirement to register is not harmful to him and therefore, cannot be considered harmful toward his child. Other states have disagreed, instead finding the social stigma associated with sex offenders is relevant in a name change determination. 
Toepfer v. Meador
, 2016 WL 4171452 (Md. Ct. Spec. App. 2016); 
Cothron v. Hadley
, 769 So.2d 1148 (Fla. Dist. Ct. App. 2000). More generally, other states have found the chance of the child being susceptible to harassment or embarrassment because of his or her surname to be a relevant factor. 
Application of Saxton
, 309 N.W.2d 298, 301 (Minn. 1981); 
In re Andrews By and Through Andrews
, 454 N.W.2d 488, 492-93 (Neb. 1990); 
Pizziconi v. Yarbrough
, 868 P.2d 1005, 1008 (Ariz. Ct. App. 1993). 

[¶8] While we have not explicitly found that embarrassment or other negative consequences of a child’s surname are relevant factors, we have affirmed district court orders which include such factors in the analyses for granting or denying petitions to change a child’s surname. 
Hartleib v. Simes
, 2009 ND 205, ¶ 42, 776 N.W.2d 217; 
Berger
, 2010 ND 28, ¶¶ 12-14. Therefore, the district court did not err in its analysis of L.Z.N.’s best interest by taking into consideration the type of crime Narvais committed. 

[¶9] Next, Narvais argues the district court provided insufficient findings in its order because it needed to go through each of the “best interest factors” contained in N.D.C.C. § 14-09-06.2(1). However, § 32-28-02 does not require the district court to go through the best interest factors of § 14-09-06.2; rather, all it requires is that there is a “proper and reasonable cause” for the name change which “must include consideration of the best interest of the child.” 
Hartleib
, 2009 ND 205, ¶ 40. We conclude the district court did not err in failing to take the best interest factors under § 14-09-06.2 into consideration of L.Z.N.’s name change. 

B.

[¶10] Narvais contends he was not given proper notice under N.D.C.C. § 32-28-

02(4) of the name change proceedings. 

[¶11] N.D.C.C. § 32-28-02(4) states: 

If the person whose name is to be changed is a minor . . . notice of the intended application must be published in the official newspaper of the county in which the minor resides and, if different, the official newspaper of the county in which each of the minor’s parents reside. If the minor has a noncustodial parent, a copy of the notice must be deposited in a post office in this state, postage prepaid, not later than ten days after the publication of the notice, and directed to the noncustodial parent’s last reasonably ascertained post-office address. An affidavit of mailing of the notice prepared in accordance with the North Dakota Rules of Civil Procedure must be filed with the court.  

[¶12] Narvais argues there was not proper publication because the newspaper’s publication was “online,” instead of in “print.” Narvais also argues he was never given proper notice because the State Penitentiary does not provide him with a copy of the Bismarck Tribune, the official newspaper for Burleigh County. 

[¶13] Jackson provided proper notice of the name-change petition, including physical publication in both Burleigh and Ward Counties, and notice was mailed to Narvais at the State Penitentiary. Narvais was provided with proper notice of the proceedings. 

C.

[¶14] Lastly, Narvais argues the district court erred by not ordering the Department of Corrections to allow him to participate in the hearing, either telephonically or by interactive television. 

[¶15] Narvais is asserting a procedural due process argument. “Procedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case.” 
Walbert v. Walbert
, 1997 ND 164, ¶ 9, 567 N.W.2d 829 (citing 
In re Adoption of J.W.M.
, 532 N.W.2d 372, 377 (N.D. 1995). Although prisoners maintain a due process right to reasonable access to the courts, their “right to appear personally at a civil proceeding is limited.” 
Id.
 at ¶ 8, (quoting 
Norman v. Leingang
, 521 N.W.2d 395, 397 (N.D. 1994)); 
Curtiss v. Curtiss
, 2016 ND 197, ¶ 8, 886 N.W.2d 565.  One way a prisoner’s right to appear can be satisfied is by allowing his or her appearance via telephone. 
St. Claire v. St. Claire
, 2004 ND 39, ¶ 6, 675 N.W.2d 175. “However, [t]he district court does not have a duty to ensure a party’s presence at the trial, telephonically or otherwise.” 
Curtiss
, 2016 ND 197, ¶ 8 (quoting 
St. Claire
, 2004 ND 39, ¶ 8). 

[¶16] We have recently addressed Narvais’s argument in 
Curtiss
, 2016 ND 197, ¶¶ 8-9. In 
Curtiss
, Spencer Curtiss was incarcerated throughout the proceedings to modify the parties’ parenting time and requested that the district court order the Department of Corrections to allow him to appear telephonically for the proceedings. 
Id.
 at ¶¶ 4-5. The district court declined to do so.
 Id.
 at ¶ 6. Rather it allowed Spencer Curtiss to appear telephonically, but it put the burden on Spencer Curtiss to make the necessary arrangements. 
Id.
 at ¶ 4. On appeal, Spencer Curtiss argued “he had a constitutional right to appear at the hearing, and the district court violated that right by not ordering the Department of Corrections to have [him] appear.” 
Id.
 at ¶ 8. We disagreed, and noted: “[t]he district court does not have a duty to ensure a party’s presence at the trial, telephonically or otherwise.” 
Id.
 (quoting 
St. Claire
, 2004 ND 39, ¶ 8). We concluded the district court’s actions of allowing Curtiss to appear by telephone, but refusing to order his presence, did not violate Curtiss’s right to due process. 
Id.
 at ¶ 9.

[¶17] Similar to 
Curtiss
, Narvais also requested the district court to order the Department of Corrections to allow him to appear telephonically for the hearing, and the district court declined to order his appearance. The district court allowed Narvais to appear telephonically or through ITV if he would make all of the necessary arrangements himself. Due process only requires the district court to give a prisoner an avenue to appear for the proceeding; it has no duty to ensure the prisoner’s presence. Therefore, because the district court allowed Narvais to appear at the name-

change hearing telephonically, we conclude the district court did not violate Narvais’s due process rights when it did not order the Department of Corrections to allow Narvais to appear telephonically.

D.

[¶18] Jackson requests this Court award her the costs associated with this appeal. Costs and attorney’s fees are permissible under Rule 38 of the Rules of Appellate Procedure. Rule 38 states, “[i]f the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney’s fees.” Jackson does not argue how the appeal is frivolous or that Narvais was dilatory in prosecuting the appeal. Jackson’s request for costs is denied.   

III.

[¶19] We affirm the district court’s order granting the petition to change L.Z.N.’s name to L.Z.J. 

[¶20] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Kapsner, Justice, concurring.

[¶21] I concur.

[¶22] I write separately to address a situation that seems to be occurring that is concerning.  Generally, whether an incarcerated individual is permitted to appear in a civil court proceeding is within the sound discretion of the trial court.  
Adoption of J.S.P.L., J.J.L., and J.W.L.
, 532 N.W.2d 653, 658 (N.D. 1995).  Our trial courts, however, appear to be issuing orders that permit the incarcerated individual to appear in court so long as the individual makes all necessary arrangements.  
See
 Majority Opinion at ¶ 16; 
Curtiss v. Curtiss
, 2016 ND 197, ¶ 9, 886 N.W.2d 565.

[¶23] In this case, Narvais requested an order requiring the Department of Corrections to allow for his appearance telephonically.  He submitted a proposed order for a one-hour telephonic appearance.  In support of the motion for an order requiring his telephonic appearance, Narvais filed a brief which stated, without evidentiary support, that a court order was mandated prior to any interactive television usage or telephonic conference and that, without such an order, the Department of Corrections would exercise discretion whether such testimony was required.  The district court’s order states:  “Respondent [Narvais] has been informed that the North Dakota Department of Correction and Rehabilitation (DOCR) requires a court order with specific, authoritative, or mandatory language directing the DOCR to allow Respondent’s participation in an evidentiary hearing.”  The district court denied the request for the order, allowing participation only if Narvais made arrangements.  If, as the district court appeared to assume, Narvais’ description of the DOCR policy was accurate, the district court order was either an exercise of discretion to deny Narvais an opportunity to appear telephonically or a delegation of discretion to the warden to decide whether it was necessary to have Narvais appear.  The first is permissible under our caselaw.  The second is inappropriate.  However, the order as issued, both appears to give Narvais the right to appear, if he can make the arrangements, and denies him the right to appear if Narvais has correctly described the applicable policy. [¶24] We have long recognized the policies that should be considered in exercising the discretion whether to permit incarcerated individuals to appear in civil matters:

From our review of cases from the various jurisdictions and the principles of law involved, we are compelled to conclude that a convict does not have a constitutional right to personally appear in a civil suit where he has been permitted to appear through counsel and by deposition, if appropriate.  Any right to appear personally would have to rest upon convincing reasons and would ultimately be left to the sound discretion of the trial court.

In making its determination the trial court may take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.  
Stone v. Morris
, 
supra
 at 735-736; 
Moeck v. Zajackowski
, 
supra
.  The exercise of the trial court’s discretion concerning a prisoner’s right to appear personally in a civil action will not be overturned by this court in the absence of an abuse of that discretion which we have defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court.  
Wall v. Pennsylvania Life Insurance Co.
, 274 N.W.2d 208 (N.D. 1979).

Interest of F.H.
, 283 N.W.2d 202, 209 (N.D. 1979) (citing 
Stone v. Morris
, 546 F.2d 730, 735 (7th Cir. 1976); 
Moeck v. Zajackowski
, 541 F.2d 177, 181 (7th Cir. 1976)).

[¶25] Some of the considerations, such as costs of transportation and danger to the court, will have substantially lessened by the current possibilities of interactive television and telephonic appearances, but a district court must still exercise discretion to determine whether the appearance of the incarcerated litigant is appropriate or necessary.  However, issuing ineffective orders that put the credibility of the judicial system at issue do not serve the interests of anyone.

[¶26] This record does not disclose whether the statements Narvais asserts about the position of the DOCR are correct.  If the warden were exercising discretion regarding the ability of inmates to testify, the warden could be subjected to a civil rights action under 42 U.S.C. § 1983, if that discretion were improperly exercised.  
See
 
Stone v. Morris
, 546 F.2d 730.  More importantly for the judicial system, it should be an exercise of sound judicial discretion whether an appearance is necessary and, if it is necessary, given the current means of such appearances, an appropriate order must be issued.

[¶27] Under the circumstances operative in this case, I must assume that the district court exercised its discretion to decide that Narvais’ appearance was not necessary if he did not make the necessary arrangements for his appearance.  Therefore, I concur.

[¶28] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers