# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 187

Lexia Ariana Overton,                                    Petitioner and Appellee

v.

David Lawrence Overton,                         Respondent and Appellant

## No. 20250189

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Lindsey J. Pouliot, Bismarck, ND, for petitioner and appellee; on brief.

David Lawrence Overton, Jamestown, ND, respondent and appellant; on brief.

**Crothers, Justice.**

[¶1]   David Overton appeals from a district court domestic violence protection order (DVPO) granting Lexia Overton's petition for a two-year DVPO. David Overton argues the court abused its discretion by proceeding with the hearing without him, violated his procedural due process rights, and denied his right to confront witnesses. We affirm the order.

I

[¶2]   David Overton was incarcerated when he received notice of the April 7, 2025 hearing after the district court granted Lexia Overton's petition for a temporary DVPO on March 24, 2025. David Overton did not move for a continuance or request to appear by electronic means. At the April hearing, the court noted David Overton's absence, found adequate supporting evidence, and granted Lexia Overton's petition for a two-year order. David Overton admits he received notice of the hearing and states he did not appear because his requests to appear were "systematically denied by correctional authorities." David Overton appeals.

II

[¶3] David Overton claims the district court abused its discretion by proceeding with the hearing in his absence. He claims that conducting the hearing without him present violated his procedural due process rights. He also claims the hearing was fundamentally unfair. He argues the court should have sua sponte continued the hearing or taken other steps to ensure his presence at the hearing.

[¶4]   "We review the district court's manner of conducting a trial or hearing for an abuse of discretion." *Brown v. Brown*, 2020 ND 135, ¶ 5, 945 N.W.2d 269. "We reverse a district court for abusing its discretion only when it acts arbitrarily, capriciously, or unreasonably, or when it misapplies the law." *Id.* "An abuse of discretion by the district court is never assumed, and the burden of proof is on

the party seeking relief to establish it." *Fercho v. Fercho*, 2022 ND 214, ¶ 11, 982 N.W.2d 540. "This Court applies a de novo standard of review when reviewing an alleged violation of a constitutional right." *Zittleman v. Bibler*, 2025 ND 87, ¶ 7, 20 N.W.3d 148. "Due process requires a party receive adequate notice and a fair opportunity to be heard." *Id.*

[¶5] In *In re L.Z.N.*, 2017 ND 137, ¶ 15, 895 N.W.2d 747, this Court discussed the procedural due process rights of incarcerated parties to civil proceedings. "Procedural due process requires fundamental fairness, which at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *Id.* "Although prisoners maintain a due process right to reasonable access to the courts, their 'right to appear personally at a civil proceeding is limited.'" *Id.* "[T]he district court does not have a duty to ensure a party's presence at the trial, telephonically or otherwise." *Id.*

[¶6] David Overton concedes he had notice of the hearing. He claimed he lacked a meaningful opportunity to be present because correctional authorities denied him electronic access to the hearing. He did not move the district court for an order to appear electronically, move for a continuance, or request that the court provide any accommodation before the hearing. In *L.Z.N.*, we determined courts are not required to order the Department of Corrections to allow for a virtual appearance. 2017 ND 137, ¶ 17. David Overton is requesting relief based on similar arguments as those we rejected in *L.Z.N.* *Id.* David Overton's claims are weaker than those in *L.Z.N.* because he did not move the court for an electronic appearance before the hearing. On this record, the court did not violate David Overton's procedural due process rights, and David Overton has failed to show the court abused its discretion by proceeding with the hearing.

III

[¶7] David Overton claims the district court violated his Sixth Amendment right to confront witnesses. The Sixth Amendment right to confront witnesses typically applies to criminal prosecutions, not civil proceedings. *In re B.B.*, 2007 ND 115, ¶ 14, 735 N.W.2d 855. Confrontation rights similar to those granted by the Sixth Amendment may exist when either a statute or fundamental fairness

requires it. *Id.* ¶ 15. Section 14-07.1-02, N.D.C.C., provides the process before ordering a domestic violence protection order; it does not grant a statutory right to confront witnesses.

[¶8]   This Court has rejected Sixth Amendment confrontation rights in other civil contexts, such as adoption hearings (*In re Adoption of J.S.P.L.*, 532 N.W.2d 653, 660-61 (N.D. 1995)) and sexually dangerous individual proceedings (*In re Midgett*, 2007 ND 198, ¶ 14, 742 N.W.2d 803). We conclude here that fundamental fairness does not require the opportunity to personally confront witnesses in a hearing for a domestic violence protection order. Because David Overton did not have a statutory or constitutional right to confront witnesses at the hearing, his claim fails.

IV

[¶9]   The district court did not abuse is discretion by proceeding with the hearing without David Overton present. The court did not violate David Overton's procedural due process rights, and he did not have a statutory or constitutional right to confront any witnesses. We affirm the order.

[¶10]  Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

3