2014 ND 148

**Rick R. RUSTAD, Plaintiff, Appellant, and Cross–Appellee**

v.

**Svetlana RUSTAD, Defendant, Appellee, and Cross–Appellant.**

**No. 20140014.**

Supreme Court of North Dakota.

July 17, 2014.

Leslie J. Aldrich and Joshua Nyberg, Fargo, N.D., for plaintiff, appellant, and cross-appellee.

Svetlana Rustad, Fargo, N.D., defendant, appellee, and cross-appellant; self-represented.

McEVERS, Justice.

[¶ 1] Rick Rustad appeals and Svetlana Rustad cross-appeals from an amended judgment awarding her primary residential responsibility for the parties' minor child. We affirm, concluding the district court's decision to award Svetlana Rustad primary residential responsibility is not clearly erroneous.

I

[¶ 2] Rick and Svetlana Rustad were married in February 2008 and have one minor child together, who was born in 2011. Svetlana Rustad is a permanent resident of the United States and a Russian citizen. The parties lived in Kindred during the marriage. Rick Rustad is self-employed and works as a software consultant. Svetlana Rustad has degrees in economics and law, which she obtained in Russia, and she was employed throughout the marriage until October 2012.

[¶ 3] In May 2012, Rick Rustad filed for divorce. After a trial, the district court granted the divorce, distributed the marital property, awarded Svetlana Rustad rehabilitative spousal support and primary residential responsibility of the child, and ordered Rick Rustad to pay child support.

[¶ 4] Rick Rustad appealed the judgment, arguing the district court's decision on primary residential responsibility was clearly erroneous, the decision was not supported by the evidence, the court failed to make specific findings about the best interest factors as required by N.D.C.C. § 14–09–06.2, and the court failed to explain its rationale for awarding primary residential responsibility to Svetlana Rustad when its findings were in his favor. Rick Rustad also argued the court's marital property valuation and distribution was

clearly erroneous, and the court's decision to award Svetlana Rustad rehabilitative spousal support was clearly erroneous.

[¶ 5] In *Rustad v. Rustad*, 2013 ND 185, ¶ 1, 838 N.W.2d 421, this Court affirmed the portion of the judgment awarding spousal support and distributing marital property, but reversed and remanded the court's decision on primary residential responsibility. This Court said the district court's findings on primary residential responsibility were not sufficiently specific and detailed to allow us to understand the basis for the decision, and we remanded for findings on the best interest factors. *Id.* at ¶ 12.

[¶ 6] On remand, the district court amended its decision and made findings under the best interest factors. The court awarded Svetlana Rustad primary residential responsibility, finding the best interest factors favor Svetlana Rustad and it would be in the child's best interest if she had primary residential responsibility.

II

[¶ 7] Rick Rustad argues the district court erred in awarding Svetlana Rustad primary residential responsibility. He contends the court misapplied the law, ignored relevant facts, considered facts that were not in evidence, and failed to address credible evidence of alienation.

[¶ 8] A court's award of primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Rustad*, 2013 ND 185, ¶ 5, 838 N.W.2d 421. A finding is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or we are convinced, based on the entire record, that a mistake has been made. *Id.* " 'Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of the witnesses, and we will

not retry a [primary residential responsibility] case or substitute our judgment for a district court's initial [primary residential responsibility] decision merely because we might have reached a different result.'" *Heinle v. Heinle*, 2010 ND 5, ¶ 6, 777 N.W.2d 590 (quoting *Lindberg v. Lindberg*, 2009 ND 136, ¶ 4, 770 N.W.2d 252). We have said this is particularly relevant when primary residential responsibility decisions involve two fit parents. *Heinle*, at ¶ 6.

[¶ 9] A district court has discretion in deciding primary residential responsibility, but the court must consider all of the relevant best interest factors under N.D.C.C. § 14–09–06.2(1) and determine which party will best promote the child's best interests and welfare. *Rustad*, 2013 ND 185, ¶ 6, 838 N.W.2d 421. In the prior appeal, this Court said the district court made some findings that were relevant to the best interest factors but most of the findings appeared to be a recitation of evidence presented during the trial, the court did not discuss the best interest factors or make findings specifically about the factors, and the findings related to the factors were either neutral or favored Rick Rustad. *Id.* at ¶ 8. This Court held "the district court's findings of fact are not sufficiently specific and detailed to allow this Court to understand the basis for its decision. We reverse the judgment awarding Svetlana Rustad primary residential responsibility of the parties' child and remand for findings on the best interest factors as required by law." *Id.*

[¶ 10] On remand, the district court made findings about each best interest factor. The court found factor (a), the ability of each parent to provide the child with love and guidance, and factor (m), other relevant factors, favor Svetlana Rustad:

> Factor A: It is undisputed that both parents love [the child] very much.

Svetlana has been the primary caregiver of [the child] with the aid of her mother. Rick did not want to be involved with [the child]'s day to day care. Rick wanted Svetlana to care for [the child], specifically giving her baths, feeding, and changing her. Prior to the parties [sic] separation, Rick did not change [the child]'s diapers. Svetlana provided [the child] with her daily care needs, and additionally spent time playing with [the child], singing her lullabies, and teaching her. Svetlana is very protective of [the child] and is a loving, caring mother. [The child] loves Svetlana very much; she runs to her mother and hugs and kisses her, and is very happy to be near her. [The child] also loves Rick very much and is happy to spend time with him. Although both parties love [the child] very much, this factor weighs in favor of Svetlana because she was more involved with the care of [the child], and has primarily seen to providing for her needs.

. . . .

Factor M: The parents come from different backgrounds, and cultures. They have had problems communicating with each other, due to language barriers and misunderstandings. The parents believe their way of parenting is the right way, and both parents although different have good parenting common sense skills. Svetlana has been the primary caregiver, along with her mother's assistance. Svetlana is the parent who has bathed, clothed, and fed [the child] on a daily basis. She has scheduled all of [the child]'s necessary doctor appointments for her immunizations and general check-ups. Svetlana is more aware of her daughter's needs, and is in a better position to explain a female's needs. Svetlana articulates well thought plans for [the child]'s future education and exposure to the arts. [The child] is

familiar with Rick's home and is very comfortable with the farm animals and his extended family. Rick can work a flexible schedule and when [the child] visits with him they spend all their time together. When [the child] spends time with her mother, if Svetlana is working, [the child] spends that time with her maternal grandmother. On the weekends, Svetlana is able to provide [the child] with full attention. The current schedule that is in place is nearly optimal for [the child] at this point in her life. It would be in [the child]'s best interest to have regular exposure to both of her parents, and both of her parents [sic] diverse cultures. However, someone has to be able to make regular decisions that are in [the child]'s best interest. Svetlana is in a better position to make decisions regarding [the child's] education and extracurricular activities, and also her medical needs. Svetlana is better at providing for [the child's] personal needs. Rick is more frugal when it comes to items for [the child] (i.e. he did not see the need for a changing table), and minimizes some of these needs. Svetlana has provided for most of [the child]'s basic and extra needs since birth. This factor favors Svetlana. The court found the rest of the factors either did not apply or did not favor either party.

■ [¶ 11] Rick Rustad contends the district court erred in finding Svetlana Rustad was the child's primary caretaker and improperly presumed she should be awarded primary residential responsibility based on that finding. We have recognized "a primary caretaker enjoys no paramount or presumptive status under the best interests of the child factors, we have also stated primary caretakers 'deserve recognition' in custody determinations." *Heinle v. Heinle*, 2010 ND 5, ¶ 9, 777 N.W.2d 590. The court did not find there was a presumption Svetlana Rustad should be awarded primary residential responsibility because she was the child's primary caretaker prior to the parties' separation. The court considered all of the best interest factors, including evidence of Svetlana Rustad's role in caring for the child. Rick Rustad also contends there was evidence that he wanted to help care for the child and Svetlana Rustad refused to allow him to help. Evidence in the record supports the court's findings that Rick Rustad did not want to be involved in the child's daily care. We do not reweigh evidence or reassess the witnesses' credibility, and we will not retry a case or substitute our judgment merely because we might have reached a different result. *Id.* at ¶ 6. The evidence supports the court's findings that factors (a) and (m) favor Svetlana Rustad, and the findings are not clearly erroneous.

■ [¶ 12] Rick Rustad also contends that the district court showed bias by applying the tenants of the "tender years doctrine" in its analysis of factors (a) and (m). The "tender years doctrine" is a doctrine holding that children of "tender years," regardless of their gender, belong with their mother. *See McDowell v. McDowell*, 2003 ND 174, ¶ 19, 670 N.W.2d 876. As discussed later, this Court no longer views the "tender years doctrine" with favor. There is no gender bias in deciding issues related to parental rights and responsibilities regardless of the child's age. *See* N.D.C.C. § 14–09–29(1) ("Between the mother and father, whether married or unmarried, there is no presumption as to whom will better promote the best interest and welfare of the child."); *see also McDowell*, at ¶ 19. A review of findings relating to factors (a) and (m) shows only one statement that is not gender neutral. The district court found, "Svetlana is more aware of her daughter's needs, and is in a better position to explain a female's needs." This

finding, while not gender neutral, has nothing to do with the "tender years doctrine." However, this finding is still troubling, because as has been previously noted, the court should not "subscribe to sex-based rules that are themselves based on sexual stereotypes." *Weber v. Weber,* 512 N.W.2d 723, 729 (N.D.1994) (Levine, J., concurring); *see also Dalin v. Dalin,* 512 N.W.2d 685, 689 (N.D.1994) (a court would be relying on an improper factor if it assumes that fathers, as a group, are incapable of adequately raising their daughters). However, this finding does not show the district court applied the "tender years doctrine" or based its decision solely on the child's gender. As previously noted, the evidence supports the court's findings on factor (m).

[¶ 13] Rick Rustad argues the district court erred in its analysis of factor (b), the ability of each parent to assure the child receives adequate food and shelter. He claims the evidence does not support the court's finding that "Rick did not give money to Svetlana for [the child's] needs." However, Svetlana Rustad testified that she paid all of the child's medical bills and insurance for the family and she bought all other necessary items for the child, including food and clothing. Rick Rustad testified that he provided for the child in other ways, he paid the mortgage and utility bills, and he admitted Svetlana Rustad paid more expenses directly related to the child. The parenting investigator testified that Svetlana Rustad paid for the child's expenses more than Rick Rustad, but he paid other expenses for the family. The court found Rick Rustad paid the mortgage on the home and the utilities, and found "ultimately the parties were equally contributing to the family expenses." The evidence supports the court's findings. Rick Rustad also claims the court failed to consider that Svetlana Rustad was unemployed. The court found Svetlana Rustad was terminated from her prior employ-

ment, but found she is highly educated and has the ability to find good employment to support herself and the child. The court found factor (b) did not favor either party, and we conclude the court's finding is not clearly erroneous.

[¶ 14] Although alienation is not specifically listed as one of the best interest factors under N.D.C.C. § 14–09–06.2(1), it is a significant factor in determining primary residential responsibility and can be considered under factor (e), the willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child. *See Dieterle v. Dieterle,* 2013 ND 71, ¶ 9, 830 N.W.2d 571. However, not all facts indicating parental alienation are sufficient to preclude a parent from having primary residential responsibility. *See Doll v. Doll,* 2011 ND 24, ¶ 27, 794 N.W.2d 425. In the prior appeal, this Court said the district court found some of the evidence related to Rick Rustad's claim Svetlana Rustad was willfully alienating the child from him was credible, but the court did not specifically address or make any findings about alienation. *Rustad,* 2013 ND 185, ¶¶ 9–11, 838 N.W.2d 421. On remand, the district court did not specifically address alienation. In discussing factor (e), the court found both parties would like to have a cordial relationship with each other for the child's sake, but they have considerable issues communicating with each other. The court found the parties are not respectful to each other, but they have substantially followed the court's orders and are capable of working together. The court further found both parties could do better. Under factor (a), the court found Svetlana Rustad provided the child's daily care and Rick Rustad did not want to be involved. In making this finding, it is apparent the court did not find Rick Rustad's claims credible that the alienation started as soon as the child was

born and that Svetlana Rustad did not allow him to care for the child. The court noted some conduct by Svetlana Rustad that is parental alienation, including not displaying photos of Rick Rustad in her home, without referring to it specifically as parental alienation. In the same portion of the analysis, the court refers to Rick Rustad as not being open to Svetlana Rustad's communication. The evidence presented supports the court's findings, and we do not reweigh the evidence or reassess the witnesses' credibility. *See Heinle,* 2010 ND 5, ¶ 6, 777 N.W.2d 590.

[¶ 15] When the district court fails to specifically address a particular item, we have indicated that a court's findings of fact are not clearly erroneous if supporting evidence is "fairly discernable by deduction or inference" in the record. *P.A. v. A.H.O.,* 2008 ND 194, ¶ 14, 757 N.W.2d 58. We would have preferred if the district court had explicitly discussed alienation; however, we can infer from the court's findings that it determined any evidence of alienation was not significant and did not change the outcome of its decision when it considered all the best interest factors.

[¶ 16] Rick Rustad argues the district court also erred by failing to consider Svetlana Rustad's lack of moral fitness under factor (f). He contends the court did not properly consider evidence about Svetlana Rustad's termination from her prior employment, which he alleged was due to misconduct. Factor (f) is "[t]he moral fitness of the parents, as that fitness impacts the child." N.D.C.C. § 14–09–06.2(1)(f). The court found both parents appear to have good moral fitness as it impacts the child. The court considered the evidence presented about Svetlana Rustad's termination from employment and found the reason for her termination was disputed and did not reflect on her moral fitness and ability to raise the child in a morally healthy environment. The

court considered the evidence and its findings are not clearly erroneous.

[¶ 17] Rick Rustad claims the district court made findings about facts that were not in evidence, including finding the parties agreed English would be the child's first language, Svetlana Rustad would like to remain in Fargo indefinitely, she made arrangements for the child's maternal grandmother to stay in the United States, the parties agreed the child would have her own bed and bedroom when she is old enough, and Svetlana Rustad found a stable home in Fargo and might purchase a home in the near future. The court's findings are supported by evidence. Svetlana Rustad testified that she speaks English and Russian about equally at home. She testified that she plans to stay in North Dakota. She has applied for jobs in Minneapolis because Job Service requires her to contact potential employers every week, but she will likely stay in North Dakota because there are more job opportunities and she already knows people here. She testified about her mother staying in the United States, and she testified that she has filed the required paperwork at the immigration office. Svetlana Rustad testified that the child does not currently have her own bed, but the child will in the future when she is older. The evidence revealed that Svetlana Rustad moved into an apartment after leaving the marital home, but she moved out one month later because the apartment was too expensive and she has remained living in her current apartment since that time. Although there was no evidence about Svetlana Rustad's future plans to purchase a house, the court's finding that "Svetlana may intend to purchase a home in the near future ..." was made in addressing Rick Rustad's concern that Svetlana Rustad would disrupt the child's home life because she might need to move into a bigger residence in the future. The court did not find Svetlana Rustad was planning to purchase a home;

rather, the court found she may intend to purchase a home and the move would be beneficial for the child. There is evidence supporting the court's findings. Furthermore, all of the individual findings Rick Rustad argues were in error were not significant or the bases for the court's decision.

[¶ 18] The district court followed our directive on remand and made findings on all of the best interest factors. The court's findings now give us a clear understanding of its decision. The evidence supports the court's findings and the court did not misapply the law. We conclude the court's decision to award Svetlana Rustad primary residential responsibility is not clearly erroneous.

### III

[¶ 19] On cross-appeal, Svetlana Rustad argues the district court erred in setting the parenting time schedule. She requests Rick Rustad have no more than one overnight visit per week and that he not have parenting time if the child is sick.

[¶ 20] Our standard of review for parenting-time decisions is well-established:

> A trial court's determination of parenting time is a finding of fact subject to the clearly erroneous standard of review. In awarding visitation to the non-custodial parent, the best interests of the child, rather than the wishes or desires of the parents, are paramount. We have stated visitation between a non-custodial parent and a child is presumed to be in the child's best interests and that it is not merely a privilege of the non-custodial parent, but a right of the child.

*Conzemius v. Conzemius*, 2014 ND 5, ¶ 6, 841 N.W.2d 716 (citations and quotation marks omitted).

[¶ 21] The district court ordered Rick Rustad have parenting time Monday at noon through Thursday at noon every week and both parents would have extended parenting time each summer. The court also ordered parenting time for holidays with Rick Rustad receiving parenting time each Easter, Thanksgiving, and Christmas; and Svetlana Rustad receiving parenting time for Russian Orthodox holidays.

[¶ 22] Svetlana Rustad claims Rick Rustad's parenting time should be limited because a mother of a young child provides better care for the child. However, this Court has held the "tender-years doctrine" has been repealed and there is no presumption between the mother and father in residential responsibility or parenting time decisions regardless of the age of the child. *See Klein v. Larson*, 2006 ND 236, ¶ 7, 724 N.W.2d 565; *Kasprowicz v. Kasprowicz*, 1998 ND 68, ¶ 14, 575 N.W.2d 921.

[¶ 23] Svetlana Rustad also argues Rick Rustad's parenting time should be limited because he does not adequately communicate with her about the child and the child is often sick after she stays with him. The district court found the parties have different parenting styles, but they have almost identical daily routines set for the child. The court found the parties have considerable communication issues, they have been ordered to use a traveling parenting journal, Svetlana Rustad keeps a detailed account of the child's condition in the journal, and Rick Rustad focuses more on unusual issues with the child and the type of activities she was involved in while in his care. The court further found both parents have substantially followed the court's order to use the parenting journal to assist with their communication and found they are capable of working together. The court found the parenting investigator noted Svetlana Rustad seemed to be overly critical of Rick Rustad's care of the child and she blames Rick Rustad for the

child's every minor illness. The court further found the parenting time schedule was nearly optimal for the child at this point in her life, and it was in the child's best interests to have regular exposure to both of her parents and their diverse cultures.

[¶ 24] The evidence supports the district court's findings, and we are not left with a definite and firm conviction a mistake has been made. We conclude the court's parenting time decision is not clearly erroneous.

## IV

[¶ 25] Svetlana Rustad also requests this Court reconsider the property division and spousal support award. The district court's property division and spousal support award were affirmed in the prior appeal. *Rustad,* 2013 ND 185, ¶ 1, 838 N.W.2d 421. A party may not present issues in a second appeal which were resolved in the first appeal or which would have been resolved had they been presented in the first appeal. *See Tom Beuchler Constr. v. City of Williston,* 413 N.W.2d 336, 339 (N.D.1987). We will not consider these issues on this appeal.

## V

[¶ 26] We conclude the court's decision to award Svetlana Rustad primary residential responsibility of the parties' minor child is not clearly erroneous. We affirm the amended judgment.

[¶ 27]  GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.