# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2018 ND 268

Trevor Rustad,                                                                    Plaintiff and Appellant

v.

Mary Baumgartner,                                                           Defendant and Appellee

No. 20180080

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Tufte, Justice.

Joshua Nyberg, Fargo, N.D., for plaintiff and appellant.

Jennifer M. Gooss, Beulah, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1]    Trevor Rustad appeals from the district court's judgment granting primary residential responsibility of his two children to their mother, Mary Baumgartner, and setting a parenting time plan for Rustad. He argues the district court's judgment was clearly erroneous because the court did not include in its analysis or findings evidence that was beneficial to him or detrimental to Baumgartner. We affirm the judgment granting primary residential responsibility to Baumgartner but reverse the parenting time plan and remand for further proceedings consistent with this opinion.

I

[¶2]    Rustad and Baumgartner met online in March 2014. They never married but did live together until Baumgartner moved to Glasgow, Montana, in January 2017. The parties have two minor children: L.B.R. born in 2015, and L.J.B. born in 2017. Rustad is employed as an electrician, and at the time of trial Baumgartner was not employed but had previously been employed as a teacher. When L.B.R. was born, the parties agreed that Baumgartner would be a stay-at-home mom while Rustad would continue to work. From January 2017, when Baumgartner moved to Montana, to October 2017, Rustad made the 500-mile round trip from Dickinson to Glasgow approximately 17 times.

[¶3]    Rustad filed his complaint in April 2017 to determine a custody arrangement. After trial, the district court granted Baumgartner primary residential responsibility for the two children and awarded Rustad the following parenting time plan:

> Trevor [Rustad] shall have parenting time with the children every other weekend.
> a.  Until the Child(ren) are three (3) years old, Trevor's parenting time shall be up to eight (8) hours a day every other weekend, with no overnight parenting time. However, until L.J.B. is nine (9) months old, parenting time shall be in up to four (4) hour increments. All

parenting time shall be in Glasgow, MT, unless otherwise agreed by the parties.

    b. Once the child(ren) are three (3) years old, Trevor shall have parenting time every other weekend from 10:00am on Saturday to 4:00pm on Sunday.

    c. Once the child(ren) are five (5) years old, Trevor shall have parenting time every other weekend for a period of 48 hours and additional parenting time in the summer as the parties agree.

In addition, the court awarded alternating holidays and birthdays with the children.

## II

[¶4]   Our standard of review for parental responsibility decisions is as follows:

> [The district] court's award of primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous or it is not sufficiently specific to show the factual basis for the decision. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or, although there is some evidence to support it, on the entire record, we are left with a definite and firm conviction a mistake has been made. Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial custody decision merely because we might have reached a different result. The district court has substantial discretion in making a custody determination, but it must consider all of the best-interest factors. Although a separate finding is not required for each statutory factor, the court's findings must contain sufficient specificity to show the factual basis for the custody decision.

*Zuraff v. Reiger*, 2018 ND 143, ¶ 11, 911 N.W.2d 887 (quoting *Brouillet v. Brouillet*, 2016 ND 40, ¶ 7, 875 N.W.2d 485 (citations and quotation marks omitted)). "It is not enough for the district court merely to recite or summarize testimony presented at trial to satisfy the requirement that findings of fact be stated with sufficient specificity." *Rustad v. Rustad*, 2013 ND 185, ¶ 6, 838 N.W.2d 421. The lower court's specific findings must "explain[] how the statutory factors apply." *Id.* The district "court's findings regarding one factor may be applicable to another." *In re S.R.L.*, 2013 ND 32, ¶ 7, 827 N.W.2d 324. Further, the district court may not "wholly ignore and fail to acknowledge or explain significant evidence clearly favoring one party." *Law v.*

*Whittet*, 2014 ND 69, ¶ 10, 844 N.W.2d 885; *see also State v. Nelson*, 488 N.W.2d 600, 604 (N.D. 1992) ("While credibility of witnesses is normally the province of the trial court, a trial court cannot disregard testimony that is uncontradicted and unchallenged where no basis for doing so appears in the record.").

[¶5]    It is "particularly relevant when primary residential responsibility decisions involve two fit parents" for this Court not to reweigh or retry a custody case. *Rustad v. Rustad*, 2014 ND 148, ¶ 8, 849 N.W.2d 607. It is the burden of the complaining party to show the district "court's custody determination was clearly erroneous." *Molitor v. Molitor*, 2006 ND 163, ¶ 6, 718 N.W.2d 13.

[¶6]    The best interest factors are found under N.D.C.C. § 14-09-06.2(1). The goal of these factors is to "determine which party will best promote the child's best interests and welfare." *Rustad*, 2014 ND 148, ¶ 9, 849 N.W.2d 607; N.D.C.C. § 14-09-06.2(1). Regarding who "will better promote the best interests and welfare of the child," there is no presumption between the father and mother. N.D.C.C. § 14-09-29(1). Our review of the record reveals no clear error in the court's findings on the individual best interest factors.

[¶7]    The district court made findings under each factor in its order. The district court concluded four factors weighed in favor of Baumgartner, four favored neither party, and five were inapplicable. The district court found Baumgartner to have been the primary caretaker of L.B.R. Further, L.B.R. had not been away from Baumgartner for more than six hours during her entire life. Baumgartner had provided the "overall nurturing and direction for the children" since their births. The district court found Baumgartner to be "more willing and has demonstrated better efforts toward providing the developmental needs of the children." Baumgartner also provides schedules and rules for her children. Baumgartner is the provider of "the home environment that L.B.R. was accustomed to early on" as well as the "overall home environment for both children." The district court found Baumgartner's home environment to be stable and that the children do well there. Finally, the district court found Baumgartner makes efforts to maintain or promote the children's relationships

3

with Rustad. We do not reweigh the evidence, and viewing the record as a whole, we do not have a definite and firm conviction that a mistake was made in the court's determination of primary residential responsibility.

## III

[¶8]    Rustad also argues the parenting time plan is clearly erroneous. Parenting time is governed by N.D.C.C. § 14-05-22(2):

> After making an award of primary residential responsibility, the court, upon request of the other parent, shall grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health.

"[D]etermination of parenting time is a finding of fact subject to the clearly erroneous standard of review." *Rustad*, 2014 ND 148, ¶ 20, 849 N.W.2d 607.

> In awarding visitation to the non-custodial parent, the best interests of the child, rather than the wishes or desires of the parents, are paramount. We have stated visitation between a non-custodial parent and a child is presumed to be in the child's best interests and that it is not merely a privilege of the non-custodial parent, but a right of the child.

*Id.* "A non-custodial parent's visitation may be 'curtailed or eliminated entirely if it is likely to endanger the child's physical or emotional health.'" *Wolt v. Wolt*, 2010 ND 26, ¶ 38, 778 N.W.2d 786. "However, a restriction on visitation must be based on a preponderance of the evidence and be accompanied by a detailed demonstration of the physical or emotional harm likely to result from visitation." *Id.* Further, "[a]bsent a reason for denying it, some form of extended summer visitation with a fit non-custodial parent is routinely awarded if a child is old enough." *Deyle v. Deyle*, 2012 ND 248, ¶ 19, 825 N.W.2d 245. We have remanded for reconsideration a denial of extended summer visitation "[a]bsent an explanation or reason for the trial court's failure to grant some sort of extended summer visitation." *Id.* (quoting *Dschaak v. Dschaak*, 479 N.W.2d 484, 487 (N.D. 1992)).

4

[¶9]    Here, the court did not find either child's physical or emotional health to be at risk from parenting time with their father. The court's findings emphasized Rustad's efforts in maintaining a relationship with his children and readying his home for them to live in. The court found "no evidence" of mental health issues for Rustad, no evidence of domestic violence, and "no realistic evidence" that Rustad's girlfriend or others frequenting his household would negatively impact the children's interest. Our review of the record reveals no evidence that giving Rustad more parenting time would physically or emotionally harm the children. The court's highly restrictive weekend visitation is compounded by its failure to grant extended summer visitation, which it left to Baumgartner's discretion.

[¶10]   The district court explained in its order: "These parents have cooperated to a large extent better than most. That being the case, they probably would have ended up with equal residential responsibility had they lived in the same town." The record as a whole, and in particular this statement, cannot be reconciled with the highly restrictive parenting time plan the district court awarded Rustad. This parenting time schedule cannot reasonably be expected to "enable the child to maintain a parent-child relationship that will be beneficial to the child." Rather than the findings of risk to physical or emotional harm to the child that may justify such restrictive parenting time, it appears the district court has affirmatively found the absence of such risks. Thus, we are left with a definite and firm conviction a mistake has been made, and conclude the district court's order regarding parenting time is clearly erroneous. Therefore, we remand for the district court to reconsider the parenting time plan and conduct further proceedings consistent with this opinion.

IV

[¶11] We affirm the judgment granting primary residential responsibility to Baumgartner. We reverse and remand the district court's award of parenting time for further proceedings consistent with this opinion.

[¶12]   Jerod E. Tufte
          Daniel J. Crothers
          Lisa Fair McEvers
          Jon J. Jensen
          Gerald W. VandeWalle, C.J.