# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 42

Jason P. Stevenson,                                                     Plaintiff and Appellant

v.

Rhonda S. Biffert,                                                      Defendant and Appellee

## No. 20190106

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Kristin A. Redmann and Heather M. Krumm, Mandan, N.D., for plaintiff and appellant; submitted on brief.

DeAnn M. Pladson, Fargo, N.D., for defendant and appellee; submitted on brief.

**Tufte, Justice.**

[¶1]   Jason Stevenson appeals a district court judgment awarding Rhonda Biffert primary residential responsibility of the parties' minor child. The judgment also ordered a sale of the parties' house and ordered Stevenson to pay Biffert $13,000 for a loan and a vehicle. We affirm.

I

[¶2]   Stevenson and Biffert were in a relationship for approximately eight years and have one child. In January 2018, Stevenson sued Biffert for primary residential responsibility of the child. Biffert counterclaimed, seeking primary residential responsibility and an equitable distribution of the parties' real property.

[¶3]   After a bench trial, the district court awarded primary residential responsibility to Biffert. The court also decided issues related to the parties' house, a $5,000 loan from Biffert to Stevenson, and Stevenson's sale of a vehicle for $16,000. The court ordered the parties' house to be sold and distributed the net sale proceeds between Stevenson and Biffert. The court ordered Stevenson to pay Biffert $5,000 for the loan and $8,000 for her share of the vehicle proceeds.

II

[¶4]   Stevenson argues the district court erred in awarding Biffert primary residential responsibility.

[¶5]   A district court's award of primary residential responsibility is a finding of fact that will not be overturned unless clearly erroneous. *Lizakowski v. Lizakowski*, 2019 ND 177, ¶ 14, 930 N.W.2d 609. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence supporting it, on the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.* at ¶ 6. We do not reweigh the evidence or reassess the credibility of

witnesses under the clearly erroneous standard. *Rustad v. Baumgartner*, 2018 ND 268, ¶ 4, 920 N.W.2d 465. A court must award primary residential responsibility in light of the child's best interests, considering all the relevant best-interest factors under N.D.C.C. § 14-09-06.2(1) (2018):

> a. The love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance.
>
> b. The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.
>
> c. The child's developmental needs and the ability of each parent to meet those needs, both in the present and in the future.
>
> d. The sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community.
>
> e. The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.
>
> f. The moral fitness of the parents, as that fitness impacts the child.
>
> g. The mental and physical health of the parents, as that health impacts the child.
>
> h. The home, school, and community records of the child and the potential effect of any change.
>
> i. [Preference of a mature child.]
>
> j. Evidence of domestic violence. . . .
>
> k. The interaction and inter-relationship, or the potential for interaction and inter-relationship, of the child with any person

2

who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l.  The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50-25.1-02.

m. Any other factors considered by the court to be relevant to a particular parental rights and responsibilities dispute.

[¶6]  The district court addressed each of the best-interest factors under N.D.C.C. § 14-09-06.2(1). The court found factors (a), (c), (d), (e), (h), and (k) either favored or slightly favored Biffert. The court found factors (b), (f), (g), (i), (j), (l), and (m) favored neither party or did not apply.

[¶7]  Stevenson claims the district court imposed an extra burden on him in making its decision on primary residential responsibility. In its memorandum decision and order, the court stated, "Stevenson works without credible evidence to attempt to create reasons to shift primary residential responsibility. The Court concludes he has failed to do so based upon the greater weight of the evidence."

[¶8]  Under a stipulated interim order entered before trial, Biffert was awarded primary residential responsibility. The court may have used the language about shifting primary residential responsibility because Biffert had primary residential responsibility under the interim order. This Court has stated that relying on a parent's primary caretaking under an interim order might be improper. *Peek v. Berning*, 2001 ND 34, ¶ 10, 622 N.W.2d 186; *Kjelland v. Kjelland*, 2000 ND 86, ¶ 10, 609 N.W.2d 100. However, when read within the context of the entire decision, we conclude the court's statement about shifting primary residential responsibility did not place an additional burden on Stevenson or cloud the court's findings. The court made findings on each best-interest factor and awarded Biffert primary residential responsibility on the basis of those findings.

3

[¶9] Stevenson asserts the district court improperly analyzed the best-interest factors. For example, on factor (b), relating to the ability of each parent to provide a safe environment for the child, Stevenson argues the court wholly disregarded facts favorable to him. The court found factor (b) favored neither party, stating that "both parents are able and willing to provide K.S. with adequate food, clothing, shelter, medical care, and a safe environment." By finding he was able and willing to provide a safe environment for the child, the court necessarily considered the facts he argues were disregarded.

[¶10] Stevenson's remaining arguments relating to the district court's findings on the best-interest factors are an invitation for this Court to reweigh the evidence. Under the clearly erroneous standard, we do not reweigh the evidence or reassess the credibility of witnesses. Stevenson has failed to demonstrate that the court's findings on the best-interest factors were clearly erroneous.

[¶11] We conclude the court's award of primary residential responsibility to Biffert was not clearly erroneous. The court's findings have support in the record, and we are not left with a definite and firm conviction a mistake has been made.

III

[¶12] Stevenson argues the district court violated his due process rights on the basis of the court's conduct at trial. He also claims the issues related to the parties' house, the loan, and the vehicle payment were not properly brought before the court.

A

[¶13] Stevenson contends he was not put on proper notice that issues relating to the parties' house, the loan, and the vehicle payment would be raised at trial. He argues the district court lacked subject matter jurisdiction to decide those issues. He claims the portions of the judgment addressing those issues are void for lack of subject matter jurisdiction and should be vacated.

4

[¶14] "Subject matter jurisdiction is the court's legal authority to hear and determine the general subject involved in an action." *Cont'l Res., Inc. v. Counce Energy BC #1, LLC*, 2018 ND 10, ¶ 6, 905 N.W.2d 768. "Issues involving subject matter jurisdiction cannot be waived and can be raised sua sponte at any time." *Munson v. Indigo Acquisition Holdings, LLC*, 2019 ND 197, ¶ 23, 931 N.W.2d 679. The parties do not dispute that the district court has legal authority to partition real and personal property in the same action under N.D.C.C. § 32-16-01. The dispute is whether this authority was properly invoked. For subject matter jurisdiction to attach, the particular issue to be decided must be properly brought before the district court in the action. *Id.*

[¶15] Rule 15(b)(2), N.D.R.Civ.P., allows issues not raised in the pleadings to be tried by the parties' consent:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. Failure to amend does not affect the result of the trial of that issue.

An issue may be tried by consent when a party introduces evidence that varies the theory of the case without objection by the opposing party on the grounds that it is not within the issues in the pleadings. *Aho v. Maragos*, 2000 ND 14, ¶ 7, 605 N.W.2d 161.

[¶16] Under the judgment, the district court ordered a sale of the parties' house, awarding Biffert 57 percent of the net proceeds and Stevenson 43 percent. The court ordered Stevenson to pay Biffert $5,000 for repayment of a loan and $8,000 for her share of the vehicle sold by Stevenson.

[¶17] Stevenson's complaint sought primary residential responsibility of the parties' child. Biffert's counterclaim requested equitable distribution of the real property. Stevenson's reply to Biffert's counterclaim agreed the real property "requires equitable distribution." The parties also executed a Stipulation for Partial Judgment and Parenting Plan that provided, "Evidence will be presented at the September 28, 2018 Trial as to who shall receive the

5

residence, and how the equity in the home shall be apportioned." We conclude the distribution of the parties' house was properly before the district court.

[¶18] The parties did not raise the $5,000 loan repayment or the vehicle payment in their pleadings. At trial, the district court referenced an off-the-record ruling that it would allow evidence and testimony on those issues. In his testimony at trial, Stevenson indicated he recalled being asked in his deposition about Biffert lending him $5,000. Stevenson testified he disputed the amount of the loan, but he did not express surprise or object at trial on the grounds that the loan was outside of the pleadings. When asked, "Do you understand that Rhonda would like to be reimbursed her $5,000?" Stevenson did not object, but simply responded, "I can understand that." We conclude the court's authority to decide this issue was properly invoked because the claim for repayment of the $5,000 loan was tried by the implied consent of the parties.

[¶19] Stevenson also argues the offset payment for a vehicle was beyond the pleadings. At trial, Stevenson did object to the relevance of testimony about the vehicle. But before entry of judgment, the parties executed a Stipulation for Additional Order for Judgment addressing the vehicle payment. We conclude the vehicle payment was presented to the court and resolved by agreement of the parties, and Stevenson was not denied due process.

B

[¶20] Stevenson asserts the district court failed to provide him a reasonable opportunity to present evidence at trial. He argues the court interjected frequently during his testimony, his witnesses' testimony, and the parenting investigator's testimony. He claims the court rarely interrupted Biffert and her witnesses. Stevenson contends the court reached a decision before hearing all the evidence.

[¶21] "A district court has broad discretion over the presentation of evidence and the conduct of trial, but it must exercise its discretion in a manner that best comports with substantial justice." *Jalbert v. Eagle Rigid Spans, Inc.*, 2017 ND 50, ¶ 9, 891 N.W.2d 135. A court also has authority under N.D.R.Ev.

6

614(b) to "examine a witness regardless of who calls the witness." A court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if it misinterprets or misapplies the law, or if its decision is not the product of a rational mental process. *Jalbert*, at ¶ 9.

[¶22] Stevenson does not claim the district court's examination of witnesses precluded him from presenting his case. Stevenson did not object to the court's examination of witnesses. *See* N.D.R.Ev. 614(c) (allowing a party to object to a court's examination of a witness). The court requested the testimony of the parenting investigator, stating it had concerns about the investigator's report. After reviewing the entire record, we conclude the district court's conduct at trial, including its examination of witnesses and the parenting investigator, was not an abuse of discretion.

## IV

[¶23] We have considered the parties' remaining arguments and conclude they are either without merit or not necessary to our decision. The judgment is affirmed.

[¶24] Jerod E. Tufte
Gerald W. VandeWalle
Daniel J. Crothers
Carol Ronning Kapsner, S.J.
Jon J. Jensen, C.J.

[¶25] The Honorable Carol Ronning Kapsner, Surrogate Judge, sitting in place of McEvers, J., disqualified.