# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 126

Trevor Rustad,

Plaintiff, Appellant, and Cross-Appellee

v.

Mary Baumgartner,

Defendant, Appellee, and Cross-Appellant

No. 20190276

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Joshua Nyberg, Fargo, ND, for plaintiff, appellant, and cross-appellee.

Jennifer M. Gooss, Beulah, ND, for defendant, appellee, and cross-appellant.

**VandeWalle, Justice.**

[¶1] Trevor Rustad appealed from an amended judgment modifying a previous parenting plan. Mary Baumgartner cross-appealed from an order denying her motion to modify parenting time. We affirm.

I

[¶2] The parties to this action have two minor children together, L.J.B., born in 2017, and L.B.R., born in 2015. The district court awarded primary residential responsibility to Baumgartner and parenting time to Rustad. The court's parenting plan provided:

> Regular Parenting Schedule. Mary shall have [L.B.R.] and L.J.B. in her primary care. Trevor shall have parenting time with the children every other weekend.
>
> a. Until the Child(ren) are three (3) years old, Trevor's parenting time shall be up to eight (8) hours a day every other weekend, with no overnight parenting time. However, until L.J.B. is nine (9) months old, parenting time shall be in up to four (4) hour increments. All parenting time shall be in Glasgow, MT, unless otherwise agreed by the parties.
>
> b. Once the child(ren) are three (3) years old, Trevor shall have parenting time every other weekend from 10:00am on Saturday to 4:00pm on Sunday.
>
> c. Once the child(ren) are five (5) years old, Trevor shall have parenting time every other weekend for a period of 48 hours and additional parenting time in the summer as the parties agree.

[¶3] In *Rustad v. Baumgartner*, 2018 ND 268, ¶ 10, 920 N.W.2d 465, we remanded for the district court to reconsider the parenting plan. We concluded there was no evidence in the record indicating that giving Rustad more parenting time would physically or emotionally harm the children. *Id.* at ¶ 9. To the contrary, we noted the district court "affirmatively found the absence of

such risks" and concluded the parenting time schedule could not reasonably be expected to maintain a parent-child relationship between Rustad and the children. *Id.* at ¶ 10. We stated, "The court's highly restrictive weekend visitation is compounded by its failure to grant extended summer visitation, which it left to Baumgartner's discretion." *Id.* at ¶ 9.

[¶4] On remand the district court did not modify section a of the parenting plan. The court did modify section b to provide:

> Once the children are three (3) years old, Trevor shall have parenting time every other weekend from Thursday at 6:00 p.m. until Sunday at 4:00pm. Trevor shall exercise his parenting time wherever Trevor deems appropriate.

Because of the change to section b, the court removed section c of the original parenting plan. The court also awarded Rustad additional summer parenting time:

> **Summer Parenting Time.**
> 1. Until the children start school Trevor shall, in addition to his regular parenting time, have two, two (2) week blocks of parenting time that he may exercise during the summer months. The parties shall mutually agree as to when Trevor shall exercise his parenting time each summer.
> 2. Once the children begin school, Trevor shall, in addition to his regular parenting time, have summer parenting time beginning at 6:00 p.m. on the Sunday after the last day of school and ending six (6) weeks later at 6:00 p.m. Mary shall be entitled to have parenting time every other weekend in Dickinson if she so chooses.

[¶5] After the district court issued its amended parenting plan, both parties moved the court for reconsideration. Additionally, Baumgartner made a motion to modify parenting time and requested an evidentiary hearing. Baumgartner argued the amended parenting plan was not in the best interests of the children because it would require them to miss a day of school every other week when Rustad exercised his parenting time. Baumgartner contended the children reaching school age constituted a material change in circumstances not considered by the district court. After holding a hearing, the

2

district court determined Baumgartner failed to establish a material change in circumstances had occurred and denied her motion.

## II

[¶6] Rustad argues the district court did not adhere to this Court's mandate on remand. Rustad's argument involves the law of the case doctrine and, more specifically, the mandate rule.

> Generally, the law of the case is defined as the principle that if an appellate court has passed on a legal question and remanded the case to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same. In other words, the law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and a party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal. The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the appellate court's mandate into effect according to its terms. . . . and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms.

*Carlson v. Workforce Safety & Ins.*, 2012 ND 203, ¶ 16, 821 N.W.2d 760 (citations and quotations omitted).

[¶7] We remanded the case for the district court to reconsider its parenting plan, specifically addressing Rustad's weekend and summer parenting time. On remand the district court awarded Rustad two more days of additional parenting time every other weekend, and allowed Rustad to exercise his weekend parenting time outside of Glasgow, MT. The district court also awarded Rustad two weeks of summer parenting time until the children begin school, and six weeks of summer parenting time after the children begin school. The amended parenting plan provides Rustad considerably more parenting

3

time and more flexibility in exercising his parenting time than the original parenting plan. The district court carried out the terms of our mandate.

## III

[¶8] Baumgartner argues the district court erred in denying her motion to modify the parenting plan because a material change in circumstances had occurred since we remanded to the district court. We have explained our standard for reviewing a district court's decision to modify parenting time:

> A district court's decision on parenting time is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Curtiss v. Curtiss*, 2016 ND 197, ¶ 10, 886 N.W.2d 565. A finding of fact is clearly erroneous if there is no evidence to support it, it is induced by an erroneous view of the law, or we are left with a definite and firm conviction a mistake has been made. *Id.*

> After an initial award of primary residential responsibility has been made, parenting time is governed by N.D.C.C. § 14-05-22(2). *Curtiss*, 2016 ND 197, ¶ 11, 886 N.W.2d 565. Under N.D.C.C. § 14-05-22(2):

>> [T]he court, upon request of the other parent, shall grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health.

> A party moving to modify parenting time must show that a material change in circumstances has occurred since entry of the prior parenting time order and that the modification is in the child's best interests. *Curtiss*, 2016 ND 197, ¶ 12, 886 N.W.2d 565. Material changes in circumstance are important new facts that have occurred since entry of the prior order. *Id.* Whether a fact is a material change in circumstance is dependent upon the facts of the case, but we have previously recognized various factors that may constitute material changes in circumstance, including a significant change in a parent's work schedule, the marriage of a parent, attempts to alienate the child's affection for the other

4

parent, and a parenting time schedule that causes conflict between the parents and behavior problems in the child. *See Green v. Swiers*, 2018 ND 258, ¶ 15, 920 N.W.2d 471 (holding district court did not err in modifying parenting time when there was evidence one parent attempted to alienate child's affection for other parent); *Siewert v. Siewert*, 2008 ND 221, ¶ 18, 758 N.W.2d 691 (holding district court did not err in finding parent's remarriage was a material change when parent's new spouse caused increased conflict); *Young v. Young*, 2008 ND 55, ¶ 14, 746 N.W.2d 153 (stating a change in a parent's work schedule may be a material change); *Reinecke v. Griffeth*, 533 N.W.2d 695, 698-99 (N.D. 1995) (holding a material change existed when the parenting time schedule caused conflict and behavior problems in the child).

*Konkel v. Amb*, 2020 ND 17, ¶¶ 6-7, 937 N.W.2d 540.

[¶9] The fact that the children are aging is not something new that has occurred since entry of either the original or the amended parenting plan. Moreover, the district court specifically contemplated the children reaching school age and how the amended parenting plan would impact their school attendance and participation in extracurricular activities. In the amended parenting plan, the court awarded Rustad more parenting time "once the children begin school." And in its order denying the parties' motions for reconsideration, the court stated "the complicating factor of school time" will be an issue the parties will have to work through going forward. The district court's finding that no material change of circumstances existed since entry of the prior judgments is not clearly erroneous. Baumgartner's additional arguments alleging a material change in circumstances are without merit.

5

[¶10] We affirm the amended judgment and order denying Baumgartner's motion to modify parenting time.

[¶11]   Gerald W. VandeWalle
  Jerod E. Tufte
  Daniel J. Crothers
  Jon J. Jensen, C.J.

**McEvers, Justice, concurring specially.**

[¶12] I concur in the result based on the standard of review, however I do so reluctantly. The district court made specific findings to support its decision, including that Rustad at times elected to put his parenting time with the children behind his recreational activities and Baumgartner demonstrated a willingness to place the children and their developmental needs ahead of any recreational activities. These findings are not clearly erroneous.

[¶13] Even after remand and modification of the parenting time schedule, I am troubled by the restriction of overnight parenting time until the younger child is three years of age. The district court noted in its order on remand, that had these parties been living in the same town at the time of the divorce, it probably would have granted equal residential responsibility, but did not based on the 250 mile distance between the parties' residences. It is difficult to reconcile this statement with not allowing overnight parenting time until the children were three years old. Part of the underlying issue with overnights was Baumgartner chose to breastfeed the children. I do not want this opinion to send the signal that the mother can undermine the father's parenting time by

choosing to breastfeed. Although the court mentions it was unsure if breastfeeding is still an issue, it appears this factored into the court's decision.

[¶14] While I agree based on this record the district court should be affirmed, courts should be careful not to fall back to applying the "tender years doctrine" that young children regardless of gender belong with their mother. *See Rustad v. Rustad*, 2014 ND 148, ¶ 12, 849 N.W.2d 607 (discussing this Court no longer views the "tender years doctrine" with favor). There should be no gender bias in deciding issues relating to parenting rights and responsibilities regardless of the children's age. *Id.*

[¶15]  Lisa Fair McEvers